IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BAYER AG, BAYER HEALTHCARE AG,
and BAYER PHARMACEUTICALS
CORPORATION,

                Plaintiffs,

    v.

DR. REDDY'S LABORATORIES, LTD.
and DR. REDDY'S LABORATORIES, INC.,

                Defendants.

                                                C.A. No. 04-179 (SLR)

DR. REDDY'S LABORATORIES, LTD.
and DR. REDDY'S LABORATORIES, INC.,

                Counterclaim Plaintiffs,

    v.

BAYER AG, BAYER HEALTHCARE AG,
and BAYER PHARMACEUTICALS
CORPORATION,

                Counterclaim Defendants.

## STIPULATION AND ORDER

It is hereby STIPULATED and ORDERED that:

1.      The word "moxifloxacin" as used herein means the compound with the structure drawn in claim 1 of U.S. Patent No. 5,607,942 ("the '942 patent") and the hydrochloride salt of that compound.

2.      Moxifloxacin has unexpected desirable properties as compared to the prior art relied upon by Reddy in asserting that the asserted claims of U.S. Patent No. 4,990,517 ("the '517 patent") are invalid for obviousness under 35 U.S.C. § 103, including efficacy in treating a

broad spectrum of gram-positive and gram-negative bacterial infections and mycobacterial infections in man, including streptococcus pneumoniae.

3.     Moxifloxacin has unexpected desirable properties as compared to the other compounds in genus claims 1 and 2 of the '517 patent, both alone or in combination with any prior art on which Reddy relies for asserting that the asserted claims of the '942 patent are invalid for non-statutory obviousness-type double patenting, including efficacy in treating a broad spectrum of gram-positive and gram-negative bacterial infections and mycobacterial infections in man, including streptococcus pneumoniae.

4.     Moxifloxacin has unexpected desirable properties as compared to the compounds in claims 4 and 5 of the '517 patent as well as many other compounds within the scope of claims 1 and 2 of the '517 patent, both alone or in combination with any prior art on which Reddy relies for asserting that the asserted claims of the '942 patent are invalid for non-statutory obviousness-type double patenting, including that moxifloxacin displays clinically relevant significantly reduced phototoxicity and is the best tolerated of all the fluoroquinolones Bayer investigated.

5.     Reddy is not asserting in this case that the claims of the '942 patent are invalid for double patenting on any basis other than non-statutory obviousness-type double patenting and *Schneller*-type double patenting.

6.     Without prejudice to Reddy's position that unexpected desirable properties are not relevant and therefore inadmissible in the determination of whether there is non-statutory obviousness-type double patenting, if unexpected desirable properties are relevant in this action in the determination of whether there is non-statutory obviousness-type double patenting, Reddy concedes that the claims of the '942 patent are not invalid for non-statutory obviousness-type double patenting.  Nothing herein precludes Reddy or Bayer from appealing at the appropriate

time a determination by this Court concerning the relevance of unexpected desirable properties to a determination of non-statutory obviousness-type double patenting.

7.     Without prejudice to Reddy's position that unexpected desirable properties are not relevant and therefore inadmissible in the determination of whether there is *Schneller*-type double patenting, and without prejudice to Bayer's position that *Schneller*-type double patenting does not exist and, even if it does exist, could not be applicable to the facts of this case, it is stipulated that moxifloxacin is not an obvious variant of the invention defined by either genus claim 1 or genus claim 2 of the '517 patent in light of the prior art. Nothing herein precludes Reddy or Bayer from appealing at the appropriate time a determination by this Court concerning the relevance of unexpected desirable properties to a determination of *Schneller*-type double patenting, the existence of *Schneller*-type double patenting, or its applicability to this case.

8.     Moxifloxacin is and has been a commercial success. The commercial success of moxifloxacin is and has been due to the features of the compound.

9.     Moxifloxacin fulfilled a long-felt but unmet need which existed in the prior art prior to the priority dates of the patents-in-suit.

10.     Bayer has licensed the patents-in-suit to third parties.

11.     Nothing in this stipulation shall be construed as an admission that any of the foregoing facts is relevant as a legal matter. Moreover, nothing in this stipulation shall preclude Bayer from introducing evidence of the properties of moxifloxacin, the need for a compound with its properties, or objective indicia of the nonobviousness of moxifloxacin, for any purpose.

12.     Bayer agrees that it will not take further fact deposition discovery from Reddy and Reddy agrees that it withdraws its Fourth Notice of 30(b)(6) Deposition of Bayer.

13.     Reddy and Bayer will have the right to depose any fact witness not yet deposed who is listed by the other party as a person it intends to call at trial.  The foregoing notwithstanding, nothing herein will give any party the right to call any fact witness it otherwise could not have called.

14.     The parties agree that neither side will adduce expert reports or expert testimony from experts in economics, marketing or sales.  To the extent Bayer wishes to adduce fact testimony at trial regarding economics, marketing or sales of moxifloxacin, Reddy will have the opportunity to depose any such witness.

| CONNOLLY BOVE LODGE & HUTZ LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| _/s/ Jeffrey B. Bove_<br>Rudolf E. Hutz (#484)<br>Jeffrey B. Bove (#998)<br>1007 North Orange Street<br>P.O. Bo 2207<br>Wilmington, DE 19899-2207<br>(302) 658-9141<br>(302) 658-5614 (Facsimile)<br><br>OF COUNSEL:<br>Bruce R. Genderson<br>Adam L. Perlman<br>Aaron P. Maurer<br>David I. Berl<br>Dov P. Grossman<br>Williams & Connolly LLP<br>725 Twelfth Street, NW<br>Washington, DC 20005<br>(202) 434-5000<br><br>Attorneys for Plaintiffs | _/s/ David E. Moore_<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, Delaware 19801<br>(302) 984-6000<br><br>OF COUNSEL:<br>Louis H. Weinstein<br>Bruce D. Radin<br>Frank D. Rodriguez<br>Budd Larner, PC<br>150 John F. Kennedy Parkway<br>Short Hills, New Jersey 07078<br>(973) 379-4800<br><br>Attorneys for Defendants |

5

SO ORDERED this _____ day of _____, 2005,


                              _____
                              Hon. Sue L. Robinson
                              Chief United States District Judge