# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BAYER AG, BAYER HEALTHCARE AG, and BAYER PHARMACEUTICALS CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| DR. REDDY'S LABORATORIES, LTD. and DR. REDDY'S LABORATORIES, INC., | ) ) ) | |
| Defendants. | ) ) | C. A. No. 04-179 (SLR) |
| DR. REDDY'S LABORATORIES, LTD. and DR. REDDY'S LABORATORIES, INC., | ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| BAYER AG, BAYER HEALTHCARE AG, and BAYER PHARMACEUTICALS CORPORATION, | ) ) ) ) | |
| Counterclaim Defendants. | ) | |

**REDDY'S *FIRST* AMENDED ANSWER AND COUNTERCLAIM**

Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.

(collectively referred to hereinafter as "Reddy") answer the Complaint of Plaintiffs Bayer

AG, Bayer Healthcare AG, and Bayer Pharmaceuticals Corporation (collectively referred

to hereinafter as "Bayer") as follows:

1.      Reddy admits that this is an action for patent infringement under the patent

laws of the United States, Title 35, United States Code.  Reddy admits that jurisdiction

and venue are proper in this district.

## PARTIES

2.      Reddy lacks sufficient knowledge or information to admit or deny the allegations in paragraph 2 of the Complaint.

3.      Reddy lacks sufficient knowledge or information to admit or deny the allegations in paragraph 3 of the Complaint.

4.      Reddy lacks sufficient knowledge or information to admit or deny the allegations in paragraph 4 of the Complaint.

5.      Reddy admits the allegations in paragraph 5 of the Complaint.

6.      Reddy admits that Dr. Reddy's Laboratories, Inc. is a corporation incorporated under the laws of the State of New Jersey, having its principal place of business at 200 Somerset Corporation Blvd., 22 West, Bldg. 2, 7th Floor, Bridgewater, NJ 08807. Reddy denies each and every remaining allegation in paragraph 5 of the Complaint.

## ANSWER TO PLAINTIFFS' COUNT I

7.      Reddy admits that United States Patent 4,990,517 ("the 517 patent") issued on February 5, 1991 and that on its face it names Uwe Petersen, Thomas Schenke, Andreas Krebs, Klaus Grohe, Michael Schriewer, Ingo Haller, Karl G. Metzger, Rainer Endermann, and Hans-Joachim Zeiler as inventors and Bayer AG as assignee. Reddy admits that the Complaint attaches as Exhibit A a copy of the '517 patent. Reddy denies that the '517 patent was duly and legally issued. Reddy denies each and every other allegation in paragraph 7 of the Complaint.

8.      Reddy admits that United States Patent ("the 942 patent") issued on March 4, 1991 and that on its face it names Bayer AG as assignee and Uwe Petersen, Thomas

Schenke, Andreas Krebs, Klaus Grohe, Michael Schriewer, Ingo Haller, Karl G. Metzger, Rainer Endermann, and Hans-Joachim Zeiler as inventors. Reddy admits that the Complaint attaches as Exhibit B a copy of the '942 patent. Reddy denies that the '942 patent was duly and legally issued. Reddy denies each and every other allegation in paragraph 8 of the Complaint.

9.    Reddy lacks sufficient knowledge or information to admit or deny whether Bayer AG and Bayer Healthcare AG own the '517 patent and the '942 patent. Reddy denies each and every other allegation in paragraph 9 of the Complaint.

10.    Reddy lacks sufficient knowledge or information to admit or deny whether Bayer Pharmaceuticals Corporation has been granted a license under the '517 patent and the '942 patent and sells drug products in the United States covered by the '517 patent and the '942 patent under the tradename AVELOX® pursuant to a New Drug Application held by Bayer Pharmaceuticals Corporation and approved by the United States Food & Drug Administration ("FDA"). Reddy denies each and every other allegation in paragraph 10 of the Complaint.

11.    Reddy admits that Reddy notified Bayer Corporation, Bayer Corporation Pharmaceutical Division, and Bayer AG by letter dated February 10, 2004, that Reddy had filed an Abbreviated New Drug Application ("ANDA"), No. 76-938, with respect to moxifloxacin hydrochloride tablets, equivalent to 400 mg base, with the United States Food and Drug Administration ("FDA"), to obtain approval to engage in the commercial manufacture, use or sale of the drug before the expiration of the '517 and '942 patents. Bayer lacks sufficient information to admit or deny whether Bayer Corporation is the former holder of the New Drug Application relating to Avelox® or that it is now held by

3

Bayer Pharmaceuticals Corporation. Reddy denies each and every other allegation in paragraph 11 of the Complaint.

12.       Paragraph 12 of the Complaint contains a conclusion of law to which no response is necessary.

13.       Reddy admits the allegations in paragraph 13 of the Complaint.

14.       Reddy denies the allegations in paragraph 14 of the Complaint.

15.       Reddy denies the allegations in paragraph 15 of the Complaint.

## ANSWER TO PLAINTIFFS' COUNT II

16.       Reddy reasserts its responses to paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17.       Reddy admits that Dr. Reddy's Laboratories, Ltd. participated in the research and development of the moxifloxacin hydrochloride product which is the subject of ANDA No. 76-938. Because the terms "responsible for" and "controlled the filing of" are vague and ambiguous in the context of paragraph 17 of the Complaint, Reddy generally denies each and every remaining allegation in paragraph 17 of the Complaint.

18.       Reddy denies the allegations in paragraph 18 of the Complaint.

19.       Reddy denies the allegations in paragraph 19 of the Complaint.

## ANSWER TO PLAINTIFFS REQUEST FOR RELIEF

With respect to plaintiffs' request for relief, Reddy denies that plaintiffs are entitled to any of the relief requested in paragraphs (a) through (d) of the Complaint.

## FIRST DEFENSE

20.    Claims 3-7, 10, and 12-14 of United States Patent 4,990,517 are not infringed.

## SECOND DEFENSE

21.    Claims 1, 2 and 8-12 of United States Patent 4,990,517 are invalid under 35 U.S.C. § 103.

## THIRD DEFENSE

22.    Claims 6 and 8 of United States Patent 5,607,942 are not infringed.

## FOURTH DEFENSE

23.    Claims 1-8 of United States Patent 5,607,942 are invalid under 35 U.S.C. § 103.

## FIFTH DEFENSE

24.    Claims 1, 3, 5, and 6 of United States Patent 5,607,942 are invalid under 35 U.S.C. § 112.

## SIXTH DEFENSE

25.    Claims 1-8 of United States Patent 5,607,942 are invalid for obviousness-type double patenting.

5

## SEVENTH DEFENSE

26.     United States Patent 4,990,517 and United States Patent 5,607,942 are unenforceable due to inequitable conduct for the reasons set forth in Count Seven of Reddy's Counterclaim, appended hereto.

## REDDY'S
## COUNTERCLAIM

Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively referred to hereinafter as "Reddy") allege and aver as follows for their counterclaim against Bayer AG, Bayer HealthCare AG, and Bayer Pharmaceuticals Corporation (collectively referred to hereinafter as "Bayer").

### The Parties

1.     Counterclaim Plaintiff Dr. Reddy's Laboratories, Ltd. is a public limited liability company incorporated and existing under the laws of India and having a principal place of business at 7-1-27, Amerpeet, Hyderabad 500 016, India.

2.     Counterclaim Plaintiff Dr. Reddy's Laboratories, Inc. is a corporation incorporated under the laws of the State of New Jersey, having its principal place of business at 200 Somerset Corporation Blvd., 22 West, Bldg. 2, 7th Floor, Bridgewater, NJ 08807.

3.     On information and belief, Counterclaim Defendant Bayer AG is a corporation incorporated and existing under the laws of the Federal Republic of Germany, having its principal place of business at D-51368 Leverkusen, Federal Republic of Germany.

6

4.     On information and belief, Counterclaim Defendant Bayer HealthCare AG is a corporation organized and existing under the laws of the Federal Republic of Germany, having its principal place of business at D-51368 Leverkusen, Federal Republic of Germany.

5.     On information and belief, Counterclaim Defendant Bayer Pharmaceuticals Corporation is a United States corporation incorporated under the laws of the State of Delaware, and having its principal place of business at 400 Morgan Lane, West Haven, Connecticut 06516.

## Jurisdiction and Venue

6.     This is an action for declaratory judgment, together with such further relief based thereon as may be necessary or proper, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7.     An actual controversy exists between Reddy and Bayer arising under the United States Patent Laws, Title 35 of the United States Code, regarding United States Patent 4,990,517 ("the '517 patent") and United States Patent 5,607,942 ("the '942 patent").

8.     This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c), 1400(b) and under the Drug Price and Patent Term Restoration Act ("Hatch-Waxman Act").

9.     On information and belief, Bayer AG and Bayer HealthCare AG own the '517 and '942 patents.

10.    Bayer filed a complaint in this Court against Reddy alleging infringement of the '517 and '942 patents.

## COUNT ONE
### Declaration of Noninfringement
### Claims 3-7, 10, and 12-14 of the '517 Patent

11.    Reddy repeats and realleges the allegations of paragraphs 1-10 as if fully stated herein.

12.    Claims 3-7, 10, and 12-14 of the '517 patent are not and will not be infringed by the manufacture, sale, import or use of Reddy's proposed Moxifloxacin Tablet Product.

## COUNT TWO
### Declaration of Invalidity
### Claims 1-2 and 8-12 of the '517 Patent

13.    Reddy repeats and realleges the allegations of paragraphs 1-10 as if fully stated herein.

14.    Claims 1-2 and 8-12 of United States Patent 4,990,517 are invalid under 35 U.S.C. § 103.

## COUNT THREE
### Declaration of Noninfringement
### Claims 6 and 8 of the '942 Patent

15.    Reddy repeats and realleges the allegations of paragraphs 1-10 as if fully stated herein.

16.    Claims 6 and 8 of United States Patent 5,607,942 are not and will not be infringed by the manufacture, sale, import or use of Reddy's proposed Moxifloxacin Tablet Product.

### COUNT FOUR
### Declaration of Invalidity
### Claims 1-8 of the '942 Patent

17.     Reddy repeats and realleges the allegations of paragraphs 1-10 as if fully

stated herein.

18.     Claims 1-8 of United States Patent 4,990,517 are invalid under 35 U.S.C.

§ 103.

### COUNT FIVE
### Declaration of Invalidity
### Claims 1, 3, 5, and 6 of the '942 Patent

19.     Reddy repeats and realleges the allegations of paragraphs 1-10 as if fully

stated herein.

20.     Claims 1, 3, 5, and 6 of United States Patent 5,607,942 are invalid under

35 U.S.C. § 112.

### COUNT SIX
### Declaration of Invalidity
### Claims 1-8 of the '942 Patent

21.     Reddy repeats and realleges the allegations of paragraphs 1-10 as if fully

stated herein.

22.     A terminal disclaimer was not filed in the United States Patent and

Trademark Office for United States Patent 5,607,942 on or before December 10, 2003.

23.     A terminal disclaimer was not filed in the United States Patent and

Trademark Office for United States Patent 5,607,942 on or before March 24, 2004.

24.     A terminal disclaimer was not filed in the United States Patent and

Trademark Office for United States Patent 5,607,942 on or before May 24, 2004.

25. Claims 1-8 of United States Patent 5,607,942 are invalid over United States Patent 4,990,517 under the doctrine of obviousness-type double patenting.

## COUNT SEVEN
### Declaration of Unenforceability
### The '517 Patent and the'942 Patent

26. Reddy repeats and realleges the allegations of paragraphs 1-10 as if fully stated herein.

27. The withholding of material information from the United States Patent and Trademark Office ("PTO") during the prosecution of United States Patent Application 07/375,434 with intent to deceive constitutes inequitable conduct that renders United States Patents 4,990,517 and 5,607,942 unenforceable.

### The Withholding of the Sankyo '206 Application

28. The '517 patent-in-suit issued from United States Patent Application 07/375,434 ("the '434 application").

29. European Patent Publication 0 241 206 A2 ("the Sankyo '206 application") published more than a year before the '434 application was filed at the PTO.

30. The Sankyo '206 application is prior art to the '434 application under 35 U.S.C. § 102(b).

31. The compound disclosed as Cpd. No. 1-144 at page 35 of the Sanko '206 application anticipated at least original claim 1 of the '434 application.

32. The Sankyo '206 application was material to the prosecution of the '434 application

33.    The Sankyo '206 application was not cited to or by the Examiner in the prosecution of the '434 application prior to the payment of the issue fee in the '434 application.

34.    Leonard Horn had a duty of disclosure to the Patent Office pursuant to 35 U.S.C. § 1.56 with respect to the prosecution of the '434 application.

35.    Leonard Horn knew of the Sankyo '206 application before he paid the issue fee of the '434 application.

36.    Leonard Horn knew or should have known that the Sankyo '206 application was material to the prosecution of the '434 application.

37.    Leonard Horn did not submit the Sankyo '206 application to the PTO in the prosecution of the '434 application until after Leonard Horn paid the issue fee for the '434 application.

38.    Leonard Horn's withholding of the Sankyo '434 application from the Examiner in the '434 application until after the issue fee was paid was with intent to deceive.

### The Withholding of the Dainippon '284 Application

39.    Japan Patent Application JP 60-126284 ("the Dainippon '284 application") published more than a year before the '434 application was filed at the PTO.

40.    The Dainippon '284 application is prior art to the '434 application under 35 U.S.C. § 102(b).

41. The compound disclosed as the name compound in Embodiment 6 at page 693 of the Dainippon '284 application anticipated at least original claim 1 of the '434 application.

42. The Dainippon '284 application was material to the prosecution of the '434 application.

43. The Dainippon '284 application was not cited to or by the Examiner in the prosecution of the '434 application prior to the payment of the issue fee in the '434 application.

44. On information and belief, at least one person with a duty of disclosure to the PTO pursuant to 35 U.S.C. § 1.56 with respect to the prosecution of the '434 application was aware of the Dainippon '284 application before the issue fee of the '434 application was paid. This allegation is identified as likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

45. On information and belief, at least one person with a duty of disclosure to the PTO pursuant to 35 U.S.C. § 1.56 with respect to the prosecution of the '434 application knew or should have known that the Dainippon '284 application was material to the prosecution of the '434 application. This allegation is identified as likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

46. On information and belief, the Dainippon '284 application was withheld with intent to deceive from the Examiner in the '434 application until after the issue fee was paid. This allegation is identified as likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

### The Withholding of "Liebigs"

47.     The article at Justus Liebigs Ann. der Chemie, Vol. 677, pp. 154-157

(1964) ("Liebigs") published more than a year before the '434 application was filed at the

PTO.

48.     Liebigs is prior art to the '434 application under 35 U.S.C. § 102(b).

49.     The compound 2,7-diazabicyclo[3.3.0]octane is disclosed as

compound "VIII" of Liebigs.

50.     Compound "VIII" of Liebigs, 2,7-diazabicyclo[3.3.0]octane, anticipated at

least original claim 19 of the '434 application.

51.     Example 26 of the '517 Patent describes the use of

2,7-diazabicyclo[3.3.0]octane (Compound "VIII" of Liebigs) to make the compound

shown and claimed in claim 7 of the '517 patent.

52.     Liebigs was material to the prosecution of the '434 application.

53.     Liebigs was not cited to or by the Examiner in the prosecution of the '434

application.

54.     Leonard Horn, Dr. Schenke and Dr. Petersen had a duty of disclosure to

the PTO pursuant to 35 U.S.C. § 1.56 with respect to the prosecution of the '434

application.

55.     On or before April 17, 1989, Dr. Schenke and Dr. Petersen knew that

Liebigs disclosed 2,7-diazabicyclo[3.3.0]octane.

56.     On or before June 22, 1989, Dr. Schenke and Dr. Petersen understood that

2,7-diazabicyclo[3.3.0]octane was included in the compounds claimed by original

claim 19 of the '434 application.

57.     Dr. Schenke and Dr. Petersen are the two named inventors of United States Patent Application 07/507,938 ("the '938 application"). On or before February 20, 1990, Dr. Schenke and Dr. Petersen understood that the '938 application included a statement to the effect that the preparation of 2,7-diazabicyclo[3.3.0]octane was disclosed in Liebigs.

58.     Leonard Horn is the attorney who filed the '938 application at the PTO. On or before April 10, 1990, Leonard Horn read the '938 application and understood that Liebigs disclosed 2,7-diazabicyclo[3.3.0]octane.

59.     On or before October 1, 1990, Leonard Horn knew that Liebigs anticipated original claim 19 of the '434 application.

60.     Leonard Horn, Dr. Schenke and Dr. Petersen knew or should have known that Liebigs was material to the prosecution of the '434 application.

61.     Leonard Horn, Dr. Schenke and Dr. Petersen did not submit Liebigs to the PTO in the prosecution of the '434 application.

62.     Leonard Horn's, Dr. Schenke's and Dr. Petersen's withholding of Liebigs from the Examiner in the '434 application was with intent to deceive.

### The Patents-In-Suit Are Unenforceable

63.     The withholding of the Sankyo '206 application,  the Dainippon '284 application and Liebigs from the United States Patent and Trademark Office ("PTO") during the prosecution of the '434 application with intent to deceive constitutes inequitable conduct that renders United States Patent 4,990,517 unenforceable.

64.    There is an immediate and necessary relation between the '434 application and United States Patent 5,607,942 such that the inequitable conduct committed in the prosecution of the '434 application renders United States Patent 5,607,942 unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Reddy respectfully requests that the Court:

A.    Enter judgment that the manufacture, sale, import or use of Reddy's proposed Moxifloxacin Tablet Product will not infringe any valid and enforceable claim of United States Patent 4,990,517.

B.    Enter judgment that the manufacture, sale, import or use of Reddy's proposed Moxifloxacin Tablet Product will not infringe any valid and enforceable claim of United States Patent 5,607,942.

C.    Enter judgment that claims 1-2 and 8-12 of United States Patent 4,990,517 are invalid;

D.    Enter judgment that claims 1-8 of United States Patent 5,607,942 are invalid;

E.    Enter judgment that United States Patents 4,990,517 and 5,607,942 are unenforceable;

F.    Permanently enjoin Bayer, its officers, agents, servants, employees, attorneys, successors, licensees and assigns, and any person who acts in concert, privity or participation with Bayer from asserting or otherwise seeking to enforce the '571 patent and the '942 patent against Reddy or anyone manufacturing, using, selling, or importing Reddy's proposed Moxifloxacin Tablet Product;

G.    Award Reddy such other and further relief as the Court deems just and

proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Louis H. Weinstein
Frank D. Rodriguez
Michael W. Choi
BUDD LARNER, P.C.
150 John F. Kennedy Parkway CN 1000
Short Hills, New Jersey 07078
Tel: (973) 379- 4800

Dated: August 5, 2005

*Attorneys for Defendants/Counterclaim Plaintiffs*
*Dr. Reddy's Laboratories, Ltd. and*
*Dr. Reddy's Laboratories, Inc.*

693553

16

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BAYER AG, BAYER HEALTHCARE AG, and BAYER PHARMACEUTICALS CORPORATION,<br><br>       Plaintiffs,<br><br>     v.<br><br>DR. REDDY'S LABORATORIES, LTD. and DR. REDDY'S LABORATORIES, INC.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C. A. No. 04-179 (SLR) |
| DR. REDDY'S LABORATORIES, LTD. and DR. REDDY'S LABORATORIES, INC.,<br><br>       Counterclaim Plaintiffs,<br><br>   v.<br><br>BAYER AG, BAYER HEALTHCARE AG, and BAYER PHARMACEUTICALS CORPORATION,<br><br>       Counterclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## REDDY'S *FIRST* AMENDED ANSWER AND COUNTERCLAIM

Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively referred to hereinafter as "Reddy") answer the Complaint of Plaintiffs Bayer AG, Bayer Healthcare AG, and Bayer Pharmaceuticals Corporation (collectively referred to hereinafter as "Bayer") as follows:

1.     Reddy admits that this is an action for patent infringement under the patent laws of the United States, Title 35, United States Code. Reddy admits that jurisdiction and venue are proper in this district.

## PARTIES

2.    Reddy lacks sufficient knowledge or information to admit or deny the allegations in paragraph 2 of the Complaint.

3.    Reddy lacks sufficient knowledge or information to admit or deny the allegations in paragraph 3 of the Complaint.

4.    Reddy lacks sufficient knowledge or information to admit or deny the allegations in paragraph 4 of the Complaint.

5.    Reddy admits the allegations in paragraph 5 of the Complaint.

6.    Reddy admits that Dr. Reddy's Laboratories, Inc. is a corporation incorporated under the laws of the State of New Jersey, having its principal place of business at 200 Somerset Corporation Blvd., 22 West, Bldg. 2, 7th Floor, Bridgewater, NJ 08807. Reddy denies each and every remaining allegation in paragraph 5 of the Complaint.

## ANSWER TO PLAINTIFFS' COUNT I

7.    Reddy admits that United States Patent 4,990,517 ("the 517 patent") issued on February 5, 1991 and that on its face it names Uwe Petersen, Thomas Schenke, Andreas Krebs, Klaus Grohe, Michael Schriewer, Ingo Haller, Karl G. Metzger, Rainer Endermann, and Hans-Joachim Zeiler as inventors and Bayer AG as assignee. Reddy admits that the Complaint attaches as Exhibit A a copy of the '517 patent. Reddy denies that the '517 patent was duly and legally issued. Reddy denies each and every other allegation in paragraph 7 of the Complaint.

8.    Reddy admits that United States Patent ("the 942 patent") issued on March 4, 1991 and that on its face it names Bayer AG as assignee and Uwe Petersen, Thomas

Schenke, Andreas Krebs, Klaus Grohe, Michael Schriewer, Ingo Haller, Karl G. Metzger, Rainer Endermann, and Hans-Joachim Zeiler as inventors. Reddy admits that the Complaint attaches as Exhibit B a copy of the '942 patent. Reddy denies that the '942 patent was duly and legally issued. Reddy denies each and every other allegation in paragraph 8 of the Complaint.

9.     Reddy lacks sufficient knowledge or information to admit or deny whether Bayer AG and Bayer Healthcare AG own the '517 patent and the '942 patent. Reddy denies each and every other allegation in paragraph 9 of the Complaint.

10.    Reddy lacks sufficient knowledge or information to admit or deny whether Bayer Pharmaceuticals Corporation has been granted a license under the '517 patent and the '942 patent and sells drug products in the United States covered by the '517 patent and the '942 patent under the tradename AVELOX® pursuant to a New Drug Application held by Bayer Pharmaceuticals Corporation and approved by the United States Food & Drug Administration ("FDA"). Reddy denies each and every other allegation in paragraph 10 of the Complaint.

11.    Reddy admits that Reddy notified Bayer Corporation, Bayer Corporation Pharmaceutical Division, and Bayer AG by letter dated February 10, 2004, that Reddy had filed an Abbreviated New Drug Application ("ANDA"), No. 76-938, with respect to moxifloxacin hydrochloride tablets, equivalent to 400 mg base, with the United States Food and Drug Administration ("FDA"), to obtain approval to engage in the commercial manufacture, use or sale of the drug before the expiration of the '517 and '942 patents. Bayer lacks sufficient information to admit or deny whether Bayer Corporation is the former holder of the New Drug Application relating to Avelox® or that it is now held by

Bayer Pharmaceuticals Corporation.  Reddy denies each and every other allegation in paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint contains a conclusion of law to which no response is necessary.

13.     Reddy admits the allegations in paragraph 13 of the Complaint.

14.     Reddy denies the allegations in paragraph 14 of the Complaint.

15.     Reddy denies the allegations in paragraph 15 of the Complaint.

## ANSWER TO PLAINTIFFS' COUNT II

16.     Reddy reasserts its responses to paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17.     Reddy admits that Dr. Reddy's Laboratories, Ltd. participated in the research and development of the moxifloxacin hydrochloride product which is the subject of ANDA No. 76-938.  Because the terms "responsible for" and "controlled the filing of" are vague and ambiguous in the context of paragraph 17 of the Complaint, Reddy generally denies each and every remaining allegation in paragraph 17 of the Complaint.

18.     Reddy denies the allegations in paragraph 18 of the Complaint.

19.     Reddy denies the allegations in paragraph 19 of the Complaint.

## ANSWER TO PLAINTIFFS REQUEST FOR RELIEF

With respect to plaintiffs' request for relief, Reddy denies that plaintiffs are entitled to any of the relief requested in paragraphs (a) through (d) of the Complaint.

## FIRST DEFENSE

20.    Claims 3-7, 10, and 12-14 of United States Patent 4,990,517 are not infringed.

## SECOND DEFENSE

21.    Claims 1, 2 and 8-12 of United States Patent 4,990,517 are invalid under 35 U.S.C. § 103.

## THIRD DEFENSE

22.    Claims 6 and 8 of United States Patent 5,607,942 are not infringed.

## FOURTH DEFENSE

23.    Claims 1-8 of United States Patent 5,607,942 are invalid under 35 U.S.C. § 103.

## FIFTH DEFENSE

24.    Claims 1, 3, 5, and 6 of United States Patent 5,607,942 are invalid under 35 U.S.C. § 112.

## SIXTH DEFENSE

25.    Claims 1-8 of United States Patent 5,607,942 are invalid for obviousness-type double patenting.

### SEVENTH DEFENSE

26.     United States Patent 4,990,517 and United States Patent 5,607,942 are unenforceable due to inequitable conduct for the reasons set forth in Count Seven of Reddy's Counterclaim, appended hereto.

### REDDY'S
### COUNTERCLAIM

Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively referred to hereinafter as "Reddy") allege and aver as follows for their counterclaim against Bayer AG, Bayer HealthCare AG, and Bayer Pharmaceuticals Corporation (collectively referred to hereinafter as "Bayer").

### The Parties

1.     Counterclaim Plaintiff Dr. Reddy's Laboratories, Ltd. is a public limited liability company incorporated and existing under the laws of India and having a principal place of business at 7-1-27, Amerpeet, Hyderabad 500 016, India.

2.     Counterclaim Plaintiff Dr. Reddy's Laboratories, Inc. is a corporation incorporated under the laws of the State of New Jersey, having its principal place of business at 200 Somerset Corporation Blvd., 22 West, Bldg. 2, 7th Floor, Bridgewater, NJ 08807.

3.     On information and belief, Counterclaim Defendant Bayer AG is a corporation incorporated and existing under the laws of the Federal Republic of Germany, having its principal place of business at D-51368 Leverkusen, Federal Republic of Germany.

4.    On information and belief, Counterclaim Defendant Bayer HealthCare AG is a corporation organized and existing under the laws of the Federal Republic of Germany, having its principal place of business at D-51368 Leverkusen, Federal Republic of Germany.

5.    On information and belief, Counterclaim Defendant Bayer Pharmaceuticals Corporation is a United States corporation incorporated under the laws of the State of Delaware, and having its principal place of business at 400 Morgan Lane, West Haven, Connecticut 06516.

### Jurisdiction and Venue

6.    This is an action for declaratory judgment, together with such further relief based thereon as may be necessary or proper, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7.    An actual controversy exists between Reddy and Bayer arising under the United States Patent Laws, Title 35 of the United States Code, regarding United States Patent 4,990,517 ("the '517 patent") and United States Patent 5,607,942 ("the '942 patent").

8.    This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c), 1400(b) and under the Drug Price and Patent Term Restoration Act ("Hatch-Waxman Act").

9.    On information and belief, Bayer AG and Bayer HealthCare AG own the '517 and '942 patents.

10.    Bayer filed a complaint in this Court against Reddy alleging infringement of the '517 and '942 patents.

## COUNT ONE
### Declaration of Noninfringement
### Claims 3-7, 10, and 12-14 of the '517 Patent

11.    Reddy repeats and realleges the allegations of paragraphs 1-10 as if fully stated herein.

12.    Claims 3-7, 10, and 12-14 of the '517 patent are not and will not be infringed by the manufacture, sale, import or use of Reddy's proposed Moxifloxacin Tablet Product.

## COUNT TWO
### Declaration of Invalidity
### Claims 1-2 and 8-12 of the '517 Patent

13.    Reddy repeats and realleges the allegations of paragraphs 1-10 as if fully stated herein.

14.    Claims 1-2 and 8-12 of United States Patent 4,990,517 are invalid under 35 U.S.C. § 103.

## COUNT THREE
### Declaration of Noninfringement
### Claims 6 and 8 of the '942 Patent

15.    Reddy repeats and realleges the allegations of paragraphs 1-10 as if fully stated herein.

16.    Claims 6 and 8 of United States Patent 5,607,942 are not and will not be infringed by the manufacture, sale, import or use of Reddy's proposed Moxifloxacin Tablet Product.

## COUNT FOUR
### Declaration of Invalidity
### Claims 1-8 of the '942 Patent

17.    Reddy repeats and realleges the allegations of paragraphs 1-10 as if fully stated herein.

18.    Claims 1-8 of United States Patent 4,990,517 are invalid under 35 U.S.C. § 103.

## COUNT FIVE
### Declaration of Invalidity
### Claims 1, 3, 5, and 6 of the '942 Patent

19.    Reddy repeats and realleges the allegations of paragraphs 1-10 as if fully stated herein.

20.    Claims 1, 3, 5, and 6 of United States Patent 5,607,942 are invalid under 35 U.S.C. § 112.

## COUNT SIX
### Declaration of Invalidity
### Claims 1-8 of the '942 Patent

21.    Reddy repeats and realleges the allegations of paragraphs 1-10 as if fully stated herein.

22.    A terminal disclaimer was not filed in the United States Patent and Trademark Office for United States Patent 5,607,942 on or before December 10, 2003.

23.    A terminal disclaimer was not filed in the United States Patent and Trademark Office for United States Patent 5,607,942 on or before March 24, 2004.

24.    A terminal disclaimer was not filed in the United States Patent and Trademark Office for United States Patent 5,607,942 on or before May 24, 2004.

25.     Claims 1-8 of United States Patent 5,607,942 are invalid over United States Patent 4,990,517 under the doctrine of obviousness-type double patenting.

## COUNT SEVEN
### Declaration of Unenforceability
### The '517 Patent and the '942 Patent

26.     Reddy repeats and realleges the allegations of paragraphs 1-10 as if fully stated herein.

27.     The withholding of material information from the United States Patent and Trademark Office ("PTO") during the prosecution of United States Patent Application 07/375,434 with intent to deceive constitutes inequitable conduct that renders United States Patents 4,990,517 and 5,607,942 unenforceable.

### The Withholding of the Sankyo '206 Application

28.     The '517 patent-in-suit issued from United States Patent Application 07/375,434 ("the '434 application").

29.     European Patent Publication 0 241 206 A2 ("the Sankyo '206 application") published more than a year before the '434 application was filed at the PTO.

30.     The Sankyo '206 application is prior art to the '434 application under 35 U.S.C. § 102(b).

31.     The compound disclosed as Cpd. No. 1-144 at page 35 of the Sanko '206 application anticipated at least original claim 1 of the '434 application.

32.     The Sankyo '206 application was material to the prosecution of the '434 application

10

33. The Sankyo '206 application was not cited to or by the Examiner in the prosecution of the '434 application prior to the payment of the issue fee in the '434 application.

34. Leonard Horn had a duty of disclosure to the Patent Office pursuant to 35 U.S.C. § 1.56 with respect to the prosecution of the '434 application.

35. Leonard Horn knew of the Sankyo '206 application before he paid the issue fee of the '434 application.

36. Leonard Horn knew or should have known that the Sankyo '206 application was material to the prosecution of the '434 application.

37. Leonard Horn did not submit the Sankyo '206 application to the PTO in the prosecution of the '434 application until after Leonard Horn paid the issue fee for the '434 application.

38. Leonard Horn's withholding of the Sankyo '434 application from the Examiner in the '434 application until after the issue fee was paid was with intent to deceive.

### The Withholding of the Dainippon '284 Application

39. Japan Patent Application JP 60-126284 ("the Dainippon '284 application") published more than a year before the '434 application was filed at the PTO.

40. The Dainippon '284 application is prior art to the '434 application under 35 U.S.C. § 102(b).

41.    The compound disclosed as the name compound in Embodiment 6 at page 693 of the Dainippon '284 application anticipated at least original claim 1 of the '434 application.

42.    The Dainippon '284 application was material to the prosecution of the '434 application.

43.    The Dainippon '284 application was not cited to or by the Examiner in the prosecution of the '434 application prior to the payment of the issue fee in the '434 application.

44.    On information and belief, at least one person with a duty of disclosure to the PTO pursuant to 35 U.S.C. § 1.56 with respect to the prosecution of the '434 application was aware of the Dainippon '284 application before the issue fee of the '434 application was paid. This allegation is identified as likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

45.    On information and belief, at least one person with a duty of disclosure to the PTO pursuant to 35 U.S.C. § 1.56 with respect to the prosecution of the '434 application knew or should have known that the Dainippon '284 application was material to the prosecution of the '434 application. This allegation is identified as likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

46.    On information and belief, the Dainippon '284 application was withheld with intent to deceive from the Examiner in the '434 application until after the issue fee was paid. This allegation is identified as likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

### The Withholding of "Liebigs"

47.    The article at Justus Liebigs Ann. der Chemie, Vol. 677, pp. 154-157 (1964) ("Liebigs") published more than a year before the '434 application was filed at the PTO.

48.    Liebigs is prior art to the '434 application under 35 U.S.C. § 102(b).

49.    The compound 2,7-diazabicyclo[3.3.0]octane is disclosed as compound "VIII" of Liebigs.

50.    Compound "VIII" of Liebigs, 2,7-diazabicyclo[3.3.0]octane, anticipated at least original claim 19 of the '434 application.

51.    Example 26 of the '517 Patent describes the use of 2,7-diazabicyclo[3.3.0]octane (Compound "VIII" of Liebigs) to make the compound shown and claimed in claim 7 of the '517 patent.

52.    Liebigs was material to the prosecution of the '434 application.

53.    Liebigs was not cited to or by the Examiner in the prosecution of the '434 application.

54.    Leonard Horn, Dr. Schenke and Dr. Petersen had a duty of disclosure to the PTO pursuant to 35 U.S.C. § 1.56 with respect to the prosecution of the '434 application.

55.    On or before April 17, 1989, Dr. Schenke and Dr. Petersen knew that Liebigs disclosed 2,7-diazabicyclo[3.3.0]octane.

56.    On or before June 22, 1989, Dr. Schenke and Dr. Petersen understood that 2,7-diazabicyclo[3.3.0]octane was included in the compounds claimed by original claim 19 of the '434 application.

13

57.    Dr. Schenke and Dr. Petersen are the two named inventors of United States Patent Application 07/507,938 ("the '938 application"). On or before February 20, 1990, Dr. Schenke and Dr. Petersen understood that the '938 application included a statement to the effect that the preparation of 2,7-diazabicyclo[3.3.0]octane was disclosed in Liebigs.

58.    Leonard Horn is the attorney who filed the '938 application at the PTO. On or before April 10, 1990, Leonard Horn read the '938 application and understood that Liebigs disclosed 2,7-diazabicyclo[3.3.0]octane.

59.    On or before October 1, 1990, Leonard Horn knew that Liebigs anticipated original claim 19 of the '434 application.

60.    Leonard Horn, Dr. Schenke and Dr. Petersen knew or should have known that Liebigs was material to the prosecution of the '434 application.

61.    Leonard Horn, Dr. Schenke and Dr. Petersen did not submit Liebigs to the PTO in the prosecution of the '434 application.

62.    Leonard Horn's, Dr. Schenke's and Dr. Petersen's withholding of Liebigs from the Examiner in the '434 application was with intent to deceive.

### The Patents-In-Suit Are Unenforceable

63.    The withholding of the Sankyo '206 application, the Dainippon '284 application and Liebigs from the United States Patent and Trademark Office ("PTO") during the prosecution of the '434 application with intent to deceive constitutes inequitable conduct that renders United States Patent 4,990,517 unenforceable.

64.    There is an immediate and necessary relation between the '434 application and United States Patent 5,607,942 such that the inequitable conduct committed in the prosecution of the '434 application renders United States Patent 5,607,942 unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Reddy respectfully requests that the Court:

A.    Enter judgment that the manufacture, sale, import or use of Reddy's proposed Moxifloxacin Tablet Product will not infringe any valid and enforceable claim of United States Patent 4,990,517.

B.    Enter judgment that the manufacture, sale, import or use of Reddy's proposed Moxifloxacin Tablet Product will not infringe any valid and enforceable claim of United States Patent 5,607,942.

C.    Enter judgment that claims 1-2 and 8-12 of United States Patent 4,990,517 are invalid;

D.    Enter judgment that claims 1-8 of United States Patent 5,607,942 are invalid;

E.    Enter judgment that United States Patents 4,990,517 and 5,607,942 are unenforceable;

F.    Permanently enjoin Bayer, its officers, agents, servants, employees, attorneys, successors, licensees and assigns, and any person who acts in concert, privity or participation with Bayer from asserting or otherwise seeking to enforce the '571 patent and the '942 patent against Reddy or anyone manufacturing, using, selling, or importing Reddy's proposed Moxifloxacin Tablet Product;

G.    Award Reddy such other and further relief as the Court deems just and

proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    Wilmington, Delaware 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

Louis H. Weinstein
Frank D. Rodriguez
Michael W. Choi
BUDD LARNER, P.C.
150 John F. Kennedy Parkway CN 1000
Short Hills, New Jersey 07078
Tel: (973) 379- 4800

Dated: August 5, 2005

*Attorneys for Defendants/Counterclaim Plaintiffs*
*Dr. Reddy's Laboratories, Ltd. and*
*Dr. Reddy's Laboratories, Inc.*

693553

16