IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER AG, BAYER HEALTHCARE AG, and BAYER PHARMACEUTICALS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> DR. REDDY'S LABORATORIES, LTD. and DR. REDDY'S LABORATORIES, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) C. A. No. 04-179 (SLR) ) ) ) ) **PUBLIC VERSION** ) ) ) |
| DR. REDDY'S LABORATORIES, LTD. and DR. REDDY'S LABORATORIES, INC., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> BAYER AG, BAYER HEALTHCARE AG, and BAYER PHARMACEUTICALS CORPORATION, <br><br> Counterclaim Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**REDDY'S MEMORANDUM OF LAW
IN SUPPORT OF REDDY'S MOTION FOR LEAVE TO FILE
REDDY'S *FIRST* AMENDED ANSWER AND COUNTERCLAIM**

OF COUNSEL:

Louis H. Weinstein
Frank D. Rodriguez
Michael W. Choi
BUDD LARNER, P.C.
150 John F. Kennedy Parkway CN1000
Short Hills, New Jersey 07078
Tel: (973) 379- 4800

Dated: August 5, 2005
Public Version Dated: August 10, 2005

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants/Counterclaim Plaintiffs
Dr. Reddy's Laboratories, Ltd. and
Dr. Reddy's Laboratories, Inc.*

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

PROCEDURAL POSTURE OF THE CASE .........................................................................2

Reddy's Answer And Counterclaim Already Includes An
Allegation Of Inequitable Conduct ..........................................................................................3

Reddy's Proposed Amendment................................................................................................4

ARGUMENT ..............................................................................................................................4

      A.    Leave To Amend Is Freely Granted...........................................................................4

      B.    Reddy Moved To Amend Promptly..........................................................................5

      C.    There Is No Prejudice To Bayer .................................................................................7

      D.    Reddy's Amendment Is In Good Faith And Is Not Futile ..............................8

      E.    Reddy Meets The Good Cause Standard Of Rule 16(b).................................9

CONCLUSION..........................................................................................................................11

# TABLE OF AUTHORITIES

## CASES

Enzo Life Sciences, Inc. v. Digene Corp.,
    270 F.Supp.2d 484 (D. Del. 2003) ............................................................... 7, 9, 10

Foman v. Davis,
    371 U.S. 178, 182 (1962) ............................................................................... 4, 5

Symbol Technologies, Inc. v. Proxim Inc.,
    C. A. No. 01-801-SLR, 2003 WL 1905637 (D. Del. April 17, 2003) ............ 5, 6

## RULES AND STATUTES

Fed. R. Civ. P. 15(a) ............................................................................................... 4

Fed. R. Civ. P. 16(b) ............................................................................................ 5, 9

Reddy submits this memorandum of law in support of Reddy's Motion For Leave To File Reddy's *First* Amended Answer And Counterclaim.

Reddy's proposed pleading supplements Reddy's existing inequitable conduct defense by adding one additional withheld reference to the inequitable conduct defense that was pled in Reddy's original answer.

Reddy's trial counsel conferred with Bayer's trial counsel pursuant to the Local Rules and offered to ameliorate the only prejudice claimed by Bayer.

In fact, there is no prejudice to Bayer, Reddy has good cause, and Reddy's motion for leave to amend should be granted.

## **INTRODUCTION**

From the start, Reddy has alleged that Bayer's '517 patent is unenforceable due to inequitable conduct. The inequitable conduct defense pled in Reddy's original Answer and Counterclaim is compelling because it is based on anticipatory art that was submitted to the Patent Office in a way that violated the Manual of Patent Examining Procedure and which was calculated to deceive.

Recently, Reddy discovered that Bayer's attorney and two of the inventors were aware of yet another piece of prior art at a time that it too anticipated one of the original claims of the '517 patent. This art, "Liebigs", was withheld from the prosecution of '517 patent even though the attorney and the two inventors all knew that it anticipated one of the claims as filed. Reddy's proposed amendment adds the withholding of this additional reference to Reddy's inequitable conduct defense.

Reddy has been prompt. Immediately upon learning the underlying facts Reddy sought consent to amend. Bayer refused and the instant motion followed. Significantly,

the documents that form the basis of Reddy's new allegation are responsive to Reddy's first document request. Reddy served these requests more than a year ago. However, the documents relevant to Reddy's new allegation were never produced by Bayer. Thus, blame for Reddy's late discovery of crucial information lies squarely on Bayer. Accordingly, Reddy has good cause for its amendment.

Finally, there is no prejudice. Reddy did not delay for even a moment and there is no hint that Reddy has acted in anything but good faith. Reddy's proposed amendment is not futile; to the contrary, Bayer's failure to disclose Liebigs was inequitable conduct. For all of these reasons, Reddy's motion for leave to amend should be granted.

## PROCEDURAL POSTURE OF THE CASE

This case is a patent infringement action brought by Bayer against Reddy under the Hatch Waxman Act. In its Complaint filed March 24, 2004 (D. I. 1), Bayer alleged that Reddy's proposed generic drug product would infringe two Bayer patents, U.S. Patent 4,990,517 ("the '517 patent") and U.S. Patent 5,607,942 ("the '942 patent"). After executing waivers of service Reddy filed a timely Answer and Counterclaim on May 24, 2004 (D. I. 6).

The parties exchanged and responded to written discovery requests. The cutoff date for motions to amend the pleadings was December 1, 2004. Bayer began to produce documents on December 20, 2004 (Weinstein Decl. ¶ 4)[1]. At Bayer's request, Reddy agreed to depose only three of the eight inventors still living (Weinstein Decl. ¶ 4). Reddy also deposed several other potential fact witnesses before fact depositions

---

[1] In support of its motion Reddy relies on the Declaration of Louis Weinstein submitted herewith. Citations to paragraphs in, and exhibits to, the Declaration are in the format: "Weinstein Decl. ¶ __, Ex. ___".

2

concluded on June 16, 2005. Reddy served two expert reports on July 13, 2004. Bayer will serve its rebuttal expert reports on August 22, 2005. Expert discovery is scheduled to end on October 10, 2005.

A pretrial conference is scheduled for March 8, 2006. The Court has scheduled a Bench Trial to begin on March 27, 2006.

Except for an initial telephonic scheduling conference, the parties have yet to appear before Your Honor. Until Bayer refused to consent to Reddy's proposed amended pleading, the parties have cooperated and neither party has approached the Court to resolve any pre-trial dispute.

### Reddy's Answer And Counterclaim Already Includes An Allegation Of Inequitable Conduct

Reddy's Answer and Counterclaim already alleges inequitable conduct based on the withholding of the Sankyo '206 Application and another reference during prosecution of the '517 patent covering moxifloxacin (Weinstein Decl. ¶ 3). It cannot be disputed that the Sankyo '206 Application disclosed a compound that anticipated original claim 1 of the application that issued as the '517 patent. ███████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████

It is also undisputed that Bayer's attorney, Mr. Horn, did not submit the Sankyo '206 Application to the Examiner of the '517 patent until after the issue fee was paid. At trial, Reddy will submit evidence showing that Mr. Horn was ███████████ ███████████████████████████████, and that

3

he knew that art cited after payment of the issue fee had to be submitted according to a certain Patent Office procedure (MPEP § 609, 5th Edition, 8th Revision, May 1988) if there was to be any hope that the art would be considered before the patent issued.

Reddy's allegation of inequitable conduct has already been fairly joined. The sole question presented by Reddy's instant motion is whether Reddy should be permitted to add another piece of anticipatory art (*i.e.*, Liebigs) to the existing allegation.

### Reddy's Proposed Amendment

Reddy's proposed amendment would amend Reddy's existing inequitable conduct defense by adding the allegation that the attorney, Mr. Horn, and two of the inventors, Dr. Schenke and Dr. Petersen, all withheld the highly material Liebigs reference with intent to deceive. Most significantly, the undisputed facts at trial will show that Mr. Horn, Dr. Schenke and Dr. Petersen all knew about Liebigs and its materiality very early in the prosecution of the '517 patent. Reddy's additional allegations concerning Liebigs are found at paragraphs 47-63 of Reddy's proposed pleading (attached at Exhibit 1 to Reddy's Motion).

### ARGUMENT

#### A.   Leave To Amend Is Freely Granted

The Federal Rules favor leave to amend. Motions for leave to amend are governed by Rule 15(a), which provides that a party may amend its pleading "by leave of the court ... and leave shall be freely given when justice so requires." The grant or denial of a motion to amend is within the discretion of the Court. Foman v. Davis, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on

the merits." Symbol Technologies, Inc. v. Proxim Inc., C. A. No. 01-801-SLR, 2003 WL 1905637 at *1 (D. Del. April 17, 2003) (attached hereto at Ex. 1). The amendment sought here is to a defense already a subject for relief, and the additional withheld reference will not delay the case or significantly change the shape of the case.

While courts may deny leave to amend where they find "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" id. (citing Foman, 371 U.S. at 182), none of these factors that would militate against leave to amend are present in this case.

As shown below, Reddy seeks to amend its pleading promptly after discovering the underlying facts supporting its proposed amendment. Since there is no prejudice, repeated failure, bad faith or futility, Reddy's motion should be granted.

Moreover, Reddy meets the good cause standard of Rule 16(b) because, despite Reddy's exercise of reasonable diligence, Bayer failed to produce the documents that form the underlying basis of Reddy's amended pleading.

### B.  Reddy Moved To Amend Promptly

Far from being guilty of delay, Reddy acted with purpose and speed. Reddy first suspected on July 18, 2005, that Mr. Horn, Dr. Schenke and Dr. Petersen may have known about the material Liebigs reference when they filed the application that led to the '517 patent (Weinstein Decl. ¶ 7). Immediately thereafter, i.e., on July 19, 2005, Reddy informed Bayer that Reddy was relying on the withholding of Liebigs as an additional instance of inequitable conduct (Weinstein Decl. ¶ 8, Ex. 1 at p. 17).

5

Reddy then sought to confirm Mr. Horn's, Dr. Schenke's and Dr. Petersen's early knowledge of Liebigs (Weinstein Decl. ¶ 9). From a copy of the file history of U.S. Patent 5,071,999 Reddy was able to positively confirm that Dr. Schenke and Dr. Petersen knew about Liebigs before the filing of the application that led to the '517 patent and that Mr. Horn knew about Liebigs early in its prosecution. The '999 patent is another Bayer patent filed by Mr. Horn and invented by Drs. Schenke and Petersen. In fact, the application begins with a discussion of Liebigs and why it was important (Weinstein Decl. ¶ 10). Reddy first obtained a copy of the file history of the '999 patent from the Patent Office on July 21, 2005 (Weinstein Decl. ¶ 11).

The prosecution history of the '999 patent was responsive to at least six of the individual requests in Reddy's first request for the production of documents.[2] Reddy served its request more than a year ago, on June 30, 2004 (Weinstein Decl. ¶ 13). Had Bayer properly responded to Reddy's first document requests, Reddy would have obtained the file history of the '999 patent and the facts underlying its proposed amendment much earlier (Weinstein Decl. ¶ 14). Reddy only learned of the underlying facts now. Any blame for why Reddy did not discover the importance of Liebigs sooner lies squarely with Bayer.

Clearly, there has been no dilatory conduct on Reddy's part. See Symbol Technologies, Inc. v. Proxim Inc., 2003 WL 1905637 at * 1 (Ex. 1 hereto) (Court allowed amendment to add new inequitable conduct allegations after the conclusion of fact discovery where movant contended that the facts supporting the new allegations did not

---

[2] The prosecution history of the '999 patent was responsive to at least Document Request Nos. 1, 13, 15, 16, 17, and 37 in Reddy's First Request For The Production Documents (Weinstein Decl. ¶ 12, Ex. 2).

6

come to light until the end of discovery and beyond); Enzo Life Sciences, Inc. v. Digene Corp., 270 F. Supp.2d 484 (D. Del. 2003) (after deadline to amend pleadings had passed, Court allowed amendment that added inequitable conduct defense to the case for the first time, finding no undue delay despite the argument that the pertinent facts were contained in publicly available patent file histories and known long before depositions had concluded).

### C.    There Is No Prejudice To Bayer

Counsel for Reddy and Bayer conducted a telephonic meet and confer on July 20, 2005, as to whether Bayer would consent to an amendment adding Liebigs to Reddy's existing allegation of inequitable conduct (Weinstein Decl. ¶ 17). The only prejudice asserted by Bayer during this meet and confer was the possible need for Bayer to bring Dr. Schenke to trial if Liebigs was added (Weinstein Decl. ¶ 18). Dr. Schenke is a named inventor of the patents-in-suit and ███████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ Dr. Schenke was not examined regarding Liebigs, but if he has anything to say about why he withheld Liebigs from the Patent Office he is certainly welcome to say it.

Bayer will not be prejudiced by the addition of Liebigs. First, the evidence that Mr. Horn, Dr. Schenke and Dr. Petersen withheld Liebigs despite its known materiality is clear and convincing. Second, to the extent Bayer wants to include a discussion of Liebigs in its upcoming expert reports Bayer is free to do so. Third, Bayer's professed need to bring Dr. Schenke to trial to defend an additional allegation based on Liebigs

7

simply does not rise to the level of prejudice sufficient to deny Reddy leave to amend. Nevertheless, if Bayer believes it necessary to preserve Dr. Schenke's testimony regarding the withholding of Liebigs, he could easily be deposed by telephone (it would be a very short deposition). In addition, Reddy has offered to ameliorate any supposed prejudice by paying half the cost of bringing Dr. Schenke back for deposition (Weinstein Decl. ¶ 18).

### D.  Reddy's Amendment Is In Good Faith And Is Not Futile

Given the circumstances of Reddy's recent discovery of the facts underlying its proposed amendment, there can be no suggestion that the proposed amendment is not being made in good faith. Moreover, it is not futile. As discussed above, inequitable conduct is already part of this case. Reddy's inequitable conduct allegations based on Liebigs are not futile because all the elements of inequitable conduct are present and will be alleged with particularity:

- Liebigs was highly material because it anticipated original claim 19 of the application that issued as the '517 patent and because the compound disclosed in Liebigs was used by the inventors to make the compound claimed in one of the issued claims;
- Mr. Horn, Dr. Schenke and Dr. Petersen all knew about Liebigs and its materiality early in the prosecution of the '517 patent, and;
- Liebigs was withheld from the Examiner in the prosecution of the '517 patent with intent to deceive.

There is more than sufficient basis to find inequitable conduct based on the withholding of Liebigs. In any event, even if Reddy is not allowed to allege Liebigs as a separate instance of inequitable conduct at this time, Reddy is aware of nothing that would prevent Reddy from presenting the withholding of Liebigs as part of a pattern of deceit that supports an inference of an intent to deceive with respect to the art already a part of Reddy's case. Because Liebigs will be offered to show a pattern of intent to

8

deceive in support of Reddy's existing inequitable conduct allegations, Bayer will need to fully address the withholding of Liebigs whether or not Reddy is allowed to assert Liebigs as a separate instance of inequitable conduct. Also, since the Court could amend the pleadings at trial to conform to the evidence of Liebigs that will be offered by Reddy whether or not the instant motion is granted, the Court should secure a more orderly determination of this action by allowing amendment now. See FRCP 1.

### E.     Reddy Meets The Good Cause Standard Of Rule 16(b)

"Good cause" is needed to amend a pleading after the date set in a Scheduling Order. See FRCP 16(b).

Under Rule 16(b) this Court has previously allowed a defendant to allege inequitable conduct _for the very first time_ under less compelling circumstances than those present here. For example, in Enzo Life Sciences, Inc. v. Digene Corp., 270 F. Supp.2d 484 (D. Del. 2003), the defendant moved six months after the deadline for leave to allege inequitable conduct as a new legal theory altogether. Specifically, the defendant sought to add allegations concerning, among other things, the withholding and mischaracterization of material prior art. See id. at 488. The plaintiff opposed the motion, arguing that the facts underlying the defendant's new inequitable conduct allegations were available to the defendant in the public prosecution history of the patent-in-suit. See id. at 488-489.

The Court rejected the plaintiff's argument and found that the defendant did not unduly delay in moving for leave to amend. Notwithstanding the plaintiff's contention that the key facts were available to defendant in the public prosecution history of the

9

patent in suit, the Court concluded that the defendant properly took the time to confirm its factual allegations though discovery. See id.

In the present case, Reddy has a more compelling reason for its amendment than did the defendant in Enzo. Here, the key information that supports Reddy's new allegations was not to be found in the prosecution histories of the patents-in-suit -- but rather, in the prosecution history of another Bayer patent, (i.e., the '999 patent). Moreover, unlike in Enzo, the documents that provided Reddy with the crucial new information were documents never produced by Bayer even though they were responsive to at least six individual requests in the document request that Reddy served more than a year ago. Thus, there is even greater cause to allow amendment here than in Enzo because, unlike in Enzo, the party opposing the amendment (Bayer) holds at least some blame for the movant's belated discovery of critical information.

Finally, other reasons that the Enzo Court cited for finding "good cause" to amend, no dilatory motive and no prejudice, are also present in this case. For example, here, as in Enzo, Reddy filed its motion promptly after Bayer refused to consent. See id. at 489. Moreover, in finding "good cause" to allow the amendment well beyond the date set in the scheduling order for amendment of pleadings, the Enzo Court specifically noted that the scheduling order had "been modified several times to serve the interests of the parties." In this case, similar to Enzo, the parties have adjusted among themselves compliance with other interim Scheduling Order deadlines to serve their respective interests (Weinstein Decl. ¶ 20).

## CONCLUSION

Leave to amend should be freely given as justice requires. Reddy should be given leave to amend its existing inequitable conduct defense to include the withholding of the highly material Liebigs reference. Reddy did not delay. There is no prejudice to Bayer. Reddy acted in good faith. The proposed amendment is not futile. Moreover, Reddy's recent discovery of crucial information based on documents never produced by Bayer is good cause.

OF COUNSEL:

Louis H. Weinstein
Frank D. Rodriguez
Michael W. Choi
BUDD LARNER, P.C.
150 John F. Kennedy Parkway CN1000
Short Hills, New Jersey 07078
Tel: (973) 379-4800

Dated: August 5, 2005
Public Version Dated: August 10, 2005

POTTER ANDERSON & CORROON LLP

By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants/Counterclaim Plaintiffs Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.*

Original Document – 693544
Public Version - 694263

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

     I, David E. Moore, hereby certify that on August 10, 2005, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Rudolf E. Hutz
Jeffrey B. Bove
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

     I hereby certify that on August 10, 2005, I have Federal Expressed the documents to the following non-registered participants:

Bruce R. Genderson
Adam L. Perlman
Aaron P. Maurer
David I. Berl
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005

/s/ David E. Moore

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

677083