IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER AG, BAYER HEALTHCARE AG, and BAYER PHARMACEUTICALS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, LTD. and DR. REDDY'S LABORATORIES, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  C. A. No. 04-179 (SLR)<br>)<br>)<br>)<br>)  **PUBLIC VERSION**<br>)<br>)<br>) |
| DR. REDDY'S LABORATORIES, LTD. and DR. REDDY'S LABORATORIES, INC.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>BAYER AG, BAYER HEALTHCARE AG, and BAYER PHARMACEUTICALS CORPORATION,<br><br>Counterclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF LOUIS H. WEINSTEIN
IN SUPPORT OF REDDY'S MOTION FOR LEAVE TO FILE
REDDY'S *FIRST* AMENDED ANSWER AND COUNTERCLAIM**

OF COUNSEL:

Louis H. Weinstein
Frank D. Rodriguez
Michael W. Choi
LARNER, P.C.
150 John F. Kennedy Parkway CN1000
Short Hills, New Jersey 07078
Tel: (973) 379-4800

Dated: August 5, 2005
Public Version Dated: August 10, 2005

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants/Counterclaim Plaintiffs
Dr. Reddy's Laboratories, Ltd. and
Dr. Reddy's Laboratories, Inc.*

I, LOUIS H. WEINSTEIN, submit this Declaration in support of Reddy's Motion For Leave To File Reddy's *First* Amended Answer And Counterclaim in the above-captioned matter and declare as follows:

1. I am a registered patent attorney with the United States Patent and Trademark Office ("Patent Office"). I am also admitted to the bars of the States of New York and New Jersey, the United States District Court for the District of New Jersey, and the United States District Courts for the Eastern and Southern Districts of New York. I have also been admitted *pro hac vice* in this action to the United States District Court for the District of Delaware.

2. I have been lead counsel on this case since its inception. I make this Declaration based upon my personal knowledge of the facts stated herein.

3. Inequitable conduct is already a part of this case. Reddy's Answer and Counterclaim included a defense and a counterclaim alleging that Bayer's patents-in-suit, U.S. Patent No. 4,990,517 ("the '517 patent") and U.S. Patent No. 5,607,942 (the '942 patent") covering moxifloxacin are unenforceable due to inequitable conduct based on the withholding of the Sankyo '206 Application and another reference.

4. The cut-off date for motions to amend the pleading was December 1, 2004. Bayer began to produce documents on December 20, 2004. At Bayer's request, Reddy agreed to depose only three of the eight inventors still living.

5. In late July 2005, Reddy discovered that Leonard Horn and the two named inventors of the '517 patent, *i.e.* Dr. Thomas Schenke and Dr. Uwe Peterson, had knowledge of Justus Liebigs Ann. der Chemie, Vol 677, pp. 154-157 (1964) ("Liebigs") far earlier than originally thought.

6. Prior to July 18, 2005, Reddy knew that Mr. Leonard Horn was aware of Leibig's on October 1, 1990, *i.e.*, relatively late in the prosecution of the '517 patent.

7. It was not until July 18, 2005, that Reddy first suspected that Mr. Horn, Dr. Schenke and Dr. Peterson, may have known about Liebigs when they filed the application that led to '517 patent.

8. Immediately thereafter, Reddy informed Bayer on July 19, 2005, that it was relying on the withholding of Leibig's as an additional instance of inequitable conduct. A true and correct copy of Reddy's Third Supplemental Response to Interrogatory No. 15 is attached hereto as "Exhibit 1".

9. Reddy then sought to confirm Mr. Horn's, Dr. Schenke's and Dr. Petersen's early knowledge of Liebigs. On July 21, 2005, from a copy of the file history of U.S. Patent 5,071,999, Reddy was able to positively confirm that Dr. Schenke and Dr. Petersen knew about Liebigs before the filing of the application that led to the '517 patent and that Mr. Horn knew about Liebigs early in its prosecution.

10. According to its prosecution history, the '999 patent is another Bayer patent filed by Mr. Horn on April 10, 1990. Dr. Schenke and Dr. Petersen are the two named inventors who signed the Combined Declaration and Power of Attorney on February 20, 1990. The application begins with a discussion of Liebigs and why it was important.

11. Reddy obtained its first copy of the file history of the '999 patent from the Patent Office on July 21, 2005.

12. The prosecution history of the '999 patent was responsive to at least six of the document requests in Reddy's First Request For The Production Documents, especially Document Request Nos. 1, 13, 15, 16, 17, and 37. A true and correct copy of Bayer's Objections and Responses to Reddy's First Request for Production of Documents and Things is attached hereto as "Exhibit 2".

13. Reddy served its First Request for Production of Documents and Things on June 30, 2004, and Bayer served its Objections and Responses on July 30, 2004 – more than a year ago.

14. To the best of Reddy's knowledge, Bayer never produced documents from the file history of the '999 patent. If Bayer had produced these documents, it is likely that Reddy would have discovered -- sooner rather than later -- just how early Mr. Horn and the inventors had knowledge of Liebigs.

15. Dr. Schenke is a named inventor of the patents-in-suit and a current Bayer employee.

16. ████████████████████████████████████████████████████████

17. On July 20, 2005, Reddy, represented by myself, and Bayer, represented by Bruce Gendersen, Esq., conducted a telephonic meet and confer as to whether Bayer would consent to an amendment adding Liebigs to Reddy's existing allegation of inequitable conduct.

18. The only prejudice asserted by Bayer during the July 20, 2005 meet and confer was the possible need for Bayer to bring Dr. Schenke to trial if Liebigs was added. Reddy has offered to ameliorate any supposed prejudice by paying half the cost of bringing Dr. Schenke back for deposition.

19. To the extent Bayer wants to include a discussion of Liebigs in its upcoming expert reports, Reddy consents to Bayer doing so.

20. Throughout this case, the parties have repeatedly adjusted among themselves compliance with interim Scheduling Order deadlines to serve their respective interests.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 5, 2005                    /s/ *Louis H. Weinstein*
                                              Louis H. Weinstein

Original Document - 693577
Public Version - 694262

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on August 10, 2005, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Rudolf E. Hutz
Jeffrey B. Bove
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

I hereby certify that on August 10, 2005, I have Federal Expressed the documents to the following non-registered participants:

Bruce R. Genderson
Adam L. Perlman
Aaron P. Maurer
David I. Berl
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

677083