# EXHIBIT 1

REDACTED

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BAYER AG, BAYER HEALTHCARE AG, )
and BAYER PHARMACEUTICALS )
CORPORATION )
                              )
           Plaintiffs, )
                              )
         v. )     Civil Action No. 04-179 (SLR)
                              )
DR. REDDY'S LABORATORIES, LTD. and )
DR. REDDY'S LABORATORIES, INC., )
                              )
         Defendants. )

## BAYER'S OBJECTIONS AND RESPONSES TO DR. REDDY'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO BAYER (NOS. 1 – 81)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs

Bayer AG, Bayer Healthcare AG, and Bayer Pharmaceuticals Corporation (collectively,

"Bayer"), by undersigned counsel, hereby object and respond as follows to Defendants' First

Request for the Production of Documents and Things.

### GENERAL OBJECTIONS

         A.      Bayer objects to each discovery request to the extent that it calls for the

production of documents or disclosure of information protected by any privilege, including

without limitation the attorney-client privilege, the work product doctrine or any other available

and valid grounds for withholding documents or information from production. Such documents

and/or information will not be produced. Any inadvertent release of privileged documents or

information shall not constitute a waiver of any applicable privilege.

         B.      Bayer objects to each discovery request to the extent that it seeks

information or documents containing private, confidential, secret, proprietary and/or sensitive

business information of Bayer, its employees, and/or third parties (hereinafter referred to as the

"Confidential Information"). Bayer will not produce any such documents or information to the extent that Bayer is under any obligation—imposed by a third party, a court, tribunal, legislature, or any other body with authority to impose or enforce such an agreement, statute, regulation, or order—to maintain it in confidence and not disclose it. Bayer will only produce such other private, confidential, trade secret, proprietary or sensitive business information or documents pursuant to a Protective Order.

      C.      Bayer objects to each discovery request to the extent that it seeks information that is already in the possession, custody or control of Dr. Reddy's or Dr. Reddy's counsel or to the extent that it requests information, documents or things that are in the public domain and are of no greater burden for Dr. Reddy's to obtain than Bayer. Unless otherwise indicated specifically below, Bayer will not produce such documents.

      D.      Bayer objects to any definition, instruction, and request to the extent that it seeks to impose any obligations or responsibilities other than those mandated by the Federal Rules of Civil Procedure; the Local Rules of the United States District Court for the District of Delaware; or any other applicable rule, law, or doctrine.

      E.      Bayer objects to each definition, instruction, and request to the extent they purport to require Bayer to produce documents by, or with respect to, individuals or entities other than Bayer AG, Bayer Healthcare AG, and Bayer Pharmaceuticals Corp.

      F.      Bayer objects to each request to the extent that it seeks production of documents that contain trade secrets, proprietary information, protective commercial or business information of Bayer. However, Bayer will produce responsive, non-privileged documents pursuant to a Protective Order.

      G.      Bayer's response that it will produce documents responsive to a particular request does not mean that it has any such documents and its response should not be construed in such a manner.

H.    The responses given herein, or the production of documents and/or things by Bayer in response to any one or more of the requests for production, shall not be deemed to waive any claim of privilege or immunity that Bayer may have as to any response, document or thing, or any objection that Bayer may have as to a demand for further response to these or other requests.

I.    Bayer objects to each discovery request to the extent that it uses language incorporating or calling for a legal conclusion or making an erroneous statement of law. Bayer's responses herein shall be as to matters of fact only, and shall not be construed as stating or implying any conclusions of law concerning the matters referenced in any discovery request.

J.    Except as otherwise stated herein, Bayer objects to these requests on the grounds that they are overly broad, unduly burdensome, and seek documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible to the extent that they seek documents created before 1982 or after 1999.

K.    In furnishing these responses to the Requests and in producing any documents in response to the requests, Bayer does not admit or concede the relevancy, materiality, authenticity, or admissibility in evidence of any such request or document. All objections to the use, at trial or otherwise, of any document produced or information provided in response to the requests and to any further production are hereby expressly reserved.

L.    The applicable foregoing general objections are incorporated into each of the specific objections and responses that follow. The stating of a specific objection or response shall not be construed as a waiver of Bayer's general objections.

M.    Bayer expressly reserves the right to supplement these General Objections.

3

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

Document Request No. 1

All documents concerning, constituting or related to any portion of any of the patents-in-suits.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents from the file histories and/or the files of the Bayer patent department relating to the patents-in-suit.

Document Request No. 2

All documents concerning the preparation, drafting, filing, prosecution, correction, reissue, reexamination, patent term extension or terminal disclaimer of any application or patent in the '517, '954 or '484 patent families.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents relating to the '517 patent family in the United States, the European Patent Office, Japan, and Germany, and non-privileged, responsive documents for the '954 and '484 patent families in the United States.

Document Request No. 3

A complete copy of the February 13, 1991 decision of the PTO Board of Patent Appeals and Interferences in Appeal No. 89-3761, a copy of which was submitted on November 1, 1995 to the Examiner in the prosecution of the '942 patent-in-suit. In lieu of producing a copy, Bayer may deliver to Reddy's attorneys a letter authorizing Reddy's agent access to the decision for the purpose of making a copy.

Response:

Subject to and without waiving the foregoing general objections, Bayer has already provided the missing pages of this decision to Dr. Reddy's.

Document Request No. 4

Documents sufficient to identify all persons, and the duties of all such person, involved in the design, research, development, testing, regulatory approval or commercialization of any of Bayer's products covered by either of the patents-in-suit.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents relating to the design, research, and development of moxifloxacin or BAY Y 3118. Bayer will also provide a list of the four people most significantly involved in the testing, regulatory approval, and commercialization of these products and provide a brief identification of their duties.

Document Request No. 5

All documents concerning or related to the conception, reduction to practice, invention, or discovery, of any of the subject matter covered by any of the original claims of the '434 application.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents.

Document Request No. 6

All documents concerning or related to the conception, reduction to practice, invention, or discovery, of any of the subject matter covered by any claim of either of the patents-in-suit.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

6

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents.

Document Request No. 7

All documents concerning or related to the conception, reduction to practice, invention, or discovery of moxifloxacin or any of its salts.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents relating to moxifloxacin.

Document Request No. 8

All documents concerning, relating to or constituting the results of any tests run on moxifloxacin or any of its salts prior to March 4, 1997, including without limitation documents concerning biological and analytical testing, documents comprising the raw results of the testing, and documents summarizing, commenting on, or otherwise reporting the results of the testing.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and general specific objections, Bayer will produce non-human in vivo and in vitro tests on moxifloxacin, and will produce any

clinical or pre-clinical tests of moxifloxacin in humans contained in the NDA for moxifloxacin.

Document Request No. 9

All documents concerning or constituting the first written description of the subject matter covered by each of the original claims of the '434 application.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents that constitute the earliest non-privileged description in writing that relates to the subject matter of the original claims of the '434 application.

Document Request No. 10

All documents concerning or constituting the first written description of the subject matter covered by each of the claims of the '942 patent.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents that constitute the earliest non-privileged description in writing that relates to the subject matter of the claims of the '942 patent.

Document Request No. 11

All documents concerning or constituting the first written description of the subject matter covered by each of the claims of the '517 patent.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents that constitute the earliest non-privileged description in writing that relates to the subject matter of the claims of the '517 patent.

Document Request No. 12

All documents concerning or constituting the first written description of moxifloxacin or any of its salts.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-

9

client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents that constitute the earliest non-privileged description in writing that relates to moxifloxacin.

Document Request No. 13

All documents concerning or constituting any public disclosure, public use, sale, offer for sale, or the use or testing by persons not employees of Bayer, occurring prior to June 30, 1989, of any of the subject matter covered by the original claims of the '434 application.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents relating to activities in the United States as to the claims of the patents-in-suit as issued.

Document Request No. 14

All documents concerning or constituting any public disclosure, public use, sale, offer for sale, or the use or testing by persons not employees of Bayer that occurred prior to March 20, 1995, of moxifloxacin or any of its salts.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to

10

this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents relating to the earliest public disclosure of moxifloxacin in the United States.

<u>Document Request No. 15</u>

All documents concerning the first advertisement or promotion, or the communication, disclosure, showing, sampling, display, or demonstration of any of the subject matter covered by any of the original claims of the '434 application.

<u>Response:</u>

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents relating to activities in the United States as to the claims of the patents-in-suit as issued.

<u>Document Request No. 16</u>

All documents concerning the best mode for practicing the subject matter claimed in each of the original claims of the '434 application that was known to any of the named inventors of the '434 application at the time the '434 application was filed.

<u>Response:</u>

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor

reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents.

Document Request No. 17

All documents drafted, prepared, compiled, reviewed, presented, submitted for publication of kept at any time by any of the named inventors of the '434 application, or at their direction, concerning any compound covered by any of the original claims of the '434 application.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents.

Document Request No. 18

All documents drafted, prepared, compiled, reviewed, presented, submitted for publication or kept at any time by any of the named inventors of the '434 application, or at their direction, concerning moxifloxacin or any of its salts.

Response:

12

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents relating to moxifloxacin.

Document Request No. 19

All documents describing, summarizing or commenting on the development of quinolone- or naphthyridone-based antibiotics.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce routine summary reports of the working group anti-bacterial therapy for the time period 1982 to 1999 summarizing the development of quinolone- or naphthyridone-based antibiotics.

Document Request No. 20

All documents used in, referred to, related to or concerning the development at Bayer of any quinolone- naphthyridone-based compound having a substituent incorporating a

substituted or unsubstituted bicyclodiaza moiety.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce routine summary reports of the working group anti-bacterial therapy for the time period 1982 to 1999 summarizing the development of quinolone- or naphthyridone-based antibiotics.

Document Request No. 21

All documents used in referred to, related to or concerning the development at Bayer of any quinolone- naphthyridone-based compound having a substituent incorporating a substituted or unsubstituted 3-aminopyrolidine moiety.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce routine summary reports Bayer will produce routine summary reports of the working group anti-bacterial therapy for the time period 1982 to 1999 summarizing the development of quinolone- or naphthyridone-based antibiotics.

Document Request No. 22

All documents concerning the discovery, development, or management of the

project leading to, any of the subject matter covered by any application or patent in the '517, '954 or '484 patent families, including without limitation: reports; minutes; directives; presentations; project descriptions; summaries; publications; studies; records and cards for new substances; decisions to proceed with or cancel clinical testing or regulatory approval; and laboratory notebooks. Note: we understand that the development of the subject matter of the patents-in-suit and moxifloxacin was part of a "post-ciprofloxacin" project at Bayer. In short, please produce the documents from that project and documents sufficient to determine the identity and duties of all persons involved in that project.

> Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents from the inventors' files, summary documents from the relevant project files, records and cards for new substances, and documents relating to the decisions to proceed with moxifloxacin, proceed with BAY Y 3118, and cancel BAY Y 3118, for time period 1982 and 1999.

> Document Request No. 23

All documents concerning any decision to proceed with or cancel the development, marketing, clinical testing or regulatory approval of any product comprising moxifloxacin or any of its salts.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents from the inventors' files, summary documents from the relevant project files, records and cards for new substances, and documents relating to the decision to proceed with moxifloxacin.

Document Request No. 24

All documents concerning any decision to proceed with or cancel the development, marketing, clinical testing or regulatory approval of any product comprising BAY Y 3118 or any of its salts.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents from the inventors' files, summary documents from the relevant project files, records and cards for new substances, and documents

16

relating to the decisions to proceed with and cancel BAY Y 3118.

Document Request No. 25

All documents comparing the efficacy, safety, potency or toxicity of any compound covered by the original claims of the '434 application and documents sufficient to identify the structure of said compounds.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents relating to non-human in vivo and in vitro testing. Bayer will further produce clinical or pre-clinical tests for moxifloxacin contained in the NDA for moxifloxacin and clinical tests for BAY Y 3118. Bayer further states that its production of documents in response to this request is not a representation by Bayer that each compound for which results are provided fall within the scope of the original claims of the '434 application.

Document Request No. 26

All documents concerning a structure activity relationship, wherein such structure activity relationship in whole or in part concerns a compound covered by any of the original claims of the '434 application and documents sufficient to identify the structure of the compounds considered.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly

17

burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents relating to non-human in vivo and in vitro testing. Bayer will further produce clinical or pre-clinical tests for moxifloxacin contained in the NDA for moxifloxacin and clinical tests for BAY Y 3118. Bayer further states that its production of documents in response to this request is not a representation by Bayer that each compound for which results are provided fall within the scope of the original claims of the '434 application.

Document Request No. 27

All documents and communications concerning the Declaration of Klaus-Dieter Bremm, submitted to the PTO on or about August 27, 1990 in the prosecution of U.S. Patent Application No. 07/298,459.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents.

Document Request No. 28

All documents and communications concerning the Declaration of Klaus-Dieter

Bremm, submitted to the PTO on or about February 11, 1991 in the prosecution of U.S. Patent Application No. 07/298,459.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Document Request No. 29

To the extent not produced in response to any other request herein, all documents concerning or constituting any part of United States Patent application serial number 07/298,459 or concerning or related to the preparation or prosecution of United States Patent application serial number 07/298,459.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents.

Document Request No. 30

To the extent not produced in response to any other request herein, all documents

19

concerning or constituting any part of United States Patent application serial number 08/026,906 or concerning or related to the preparation or prosecution of United States Patent application serial number 08/026,906.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents.

Document Request No. 31

All documents created prior to February 5, 1991 concerning, related to or constituting any part of the Sankyo'206 application, Japan application JP 6198664 or Japan application 62228063 or any abstract thereof.

Response:

Bayer objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents in its files of the inventors or other individuals at Bayer responsible for or involved in the prosecution of the patents in suit. Bayer further states that in producing documents in response to this request it is not representing that any particular document was created or was in a pertinent file as of a certain date.

Document Request No. 32

All documents created prior to February 5, 1991 concerning, related to or constituting any part of the Dainippon '284 application or any abstract thereof.

Response:

Bayer objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents in its files of the inventors or other individuals at Bayer responsible for or involved in the prosecution of the patents in suit. Bayer further states that in producing documents in response to this request it is not representing that any particular document was created or was in a pertinent file as of a certain date.

Document Request No. 33

All documents created prior to October 31, 1990, which purport to show that a copy of all or a portion of the Sankyo'206 application, Japan application JP 6198664 or Japan application 62228063 or information concerning any of those applications was sent by, sent to, received by, considered by or reviewed by Leonard Horn, Peter Bailly, Uwe Petersen, any named inventor of the '434 application or any person substantively involved in the preparation or prosecution of the '434 application.

Response:

Bayer objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents in its files of the inventors or other

21

individuals at Bayer responsible for or involved in the prosecution of the patents in suit. Bayer further states that in producing documents in response to this request it is not representing that any particular document was created or was in a pertinent file as of a certain date.

### Document Request No. 34

All documents created prior to October 31, 1990, which refer to the April 23, 1990 Examiner's Action in United States Patent Application Ser. No. 07/298,459.

### Response:

Bayer objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents. Bayer further states that in producing documents in response to this request it is not representing that any particular document was created or was in a pertinent file as of a certain date.

### Document Request No. 35

All documents created prior to October 31, 1990, which purport to transmit or enclose a copy of the April 23, 1990 Examiner's Action in United States Patent Application Ser. No. 07/298,459.

### Response:

Bayer objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents. Bayer further states that in producing documents in response to this request it is not representing that any particular document was

created or was in a pertinent file as of a certain date.

Document Request No. 36

All documents created prior to October 31, 1990, which purport to show that a copy of all or a portion of the Dainippon '284 application or information concerning that application was sent by, sent to, received by, considered by or reviewed by Leonard Horn, Peter Bailly, Uwe Petersen, any named inventor of the '434 application or any person substantively involved in the preparation or prosecution of the '434 application.

Response:

Bayer objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents. Bayer further states that in producing documents in response to this request it is not representing that any particular document was created or was in a pertinent file as of a certain date.

Document Request No. 37

All documents and things concerning any art cited in any application or patent in the '517 patent family or the prosecution histories of any of those applications and patents.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents relating to prosecutions in the United States, the European Patent Office, Japan, and Germany in its files of the inventors or other individuals at Bayer responsible for or involved in the prosecution of the patents in suit. Bayer further states that in producing documents in response to this request it is not representing that any particular document was created or was in a pertinent file as of a certain date.

Document Request No. 38

All documents concerning the interpretation, scope, validity, invalidity, enforceability, or unenforceability of any claim of any patent or application in the '517 patent family, including but not limited to all investigations, studies, opinions, advice, search reports, results of prior art searches, correspondence with searchers, prior art collections, internal company communications and minutes or notices of meetings that refer to any search, analysis, investigation or study regarding the validity, invalidity, enforceability unenforceability or scope.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents in the file histories of applications in the '517 patent family in the United States, the European Patent Office, Japan, and Germany.

Document Request No. 39

All documents created prior to February 5, 1991 concerning the duty of disclosure under 35 U.S.C. § 1.56.

<u>Response:</u>

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents. Bayer further states that in producing documents in response to this request it is not representing that any particular document was created or was in a pertinent file as of a certain date.

<u>Document Request No. 40</u>

All documents created prior to February 5, 1991 concerning any of Bayer's proposed or actual policies for:

(a)    educating inventors on the duty of candor of patent applicants before the United States Patent and Trademark Office;

(b)    searching for prior art references;

(c)    identifying and communicating prior art to any of Bayer's inventors, attorneys or patent agents;

(d)    acquiring, protecting or enforcing Bayer's intellectual property rights, including patent rights; or

(e)    conducting interviews with United States Patent Office examiners.

<u>Response:</u>

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor

reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents. Bayer further states that in producing documents in response to this request it is not representing that any particular document was created or was in a pertinent file as of a certain date.

Document Request No. 41

All documents concerning any research, study, investigation, analysis, discussion or testing conducted by or on behalf of Bayer, or by any other person, comparing the structure, function, performance, safety or effectiveness of any compound covered by the original claims of the '434 application, or their respective salts, with any other quinilone-based compound.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents relating to non-human in vivo and in vitro testing, the clinical and pre-clinical tests for moxifloxacin contained in the NDA for moxifloxacin, and clinical tests for BAY Y 3118. Bayer further states that its production of documents in response to this request is not a representation by Bayer that each compound for

which results are provided fall within the scope of the original claims of the '434 application.

Document Request No. 42

All documents and communications concerning any investigation, analysis or discussion conducted by or on behalf of Bayer, related to the patentability of any claim of any application or patent in the '517 patent family over the Sankyo '206 application or the Dainippon '284 application.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents in the file histories of the '517 patent family in the United States, the European Patent Office, Japan, and Germany.

Document Request No. 43

All documents and communications concerning the decision to file or abandon any application in the '484, '517 or '954 patent families.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the

27

work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents relating to the prosecution of the '517 patent family in the United States, the European Patent Office, Japan, and Germany, and relating to the prosecution of the '954 and '484 patent families in the United States.

### Document Request No. 44

All documents received by Bayer concerning any Abbreviated New Drug Application filed with the FDA concerning any product comprising moxifloxacin or any of its salts.

### Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce any notice letters it has received relating to an ANDA for a product containing moxifloxacin which contains a Paragraph IV certification directed to either or both of the patents-in-suit.

### Document Request No. 45

All documents concerning enforcement or defense of any patent or application in the '517 patent family, in any domestic or foreign civil action or proceeding (other than this action), including but not limited to Patent and Trademark Office proceedings, European Patent Office proceedings and International Trade Commission proceedings.

### Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents.

### Document Request No. 46

All documents that Plaintiffs contend refer to, support, demonstrate, or evidence the nonobviousness of any alleged invention claimed or described in any of the patents-in-suit.

### Response:

Bayer objects to this request to the extent it seeks documents protected by the work product doctrine. Bayer further objects to this request on the ground that it is vague and ambiguous and that it seeks documents relating to matters that will be the subject of expert testimony.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents that it intends to rely upon in support of the nonobviousness in the patents-in-suit at the appropriate time after such documents have been identified.

### Document Request No. 47

All documents that Plaintiffs contend evidence the level of ordinary skill in the art, as of the effective filing date of the '517 patent, with respect to the subject matter claimed in the '517 patent.

Response:

Bayer objects to this request to the extent it seeks documents protected by the work product doctrine. Bayer further objects to this request on the ground that it is vague and ambiguous and that it seeks documents relating to matters that will be the subject of expert testimony.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents at the appropriate time after such documents have been identified and/or during expert discovery.

Document Request No. 48

All documents that Plaintiffs contend evidence the level of ordinary skill in the art, as of the effective filing date of the '942 patent, with respect to the subject matter claimed in the '942 patent.

Response:

Bayer objects to this request to the extent it seeks documents protected by the work product doctrine. Bayer further objects to this request on the ground that it is vague and ambiguous and that it seeks documents relating to matters that will be the subject of expert testimony.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents at the appropriate time after such documents have been identified and/or during expert discovery.

Document Request No. 49

All documents concerning the need, market or demand for the subject matter claimed in either of the patents-in-suit.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce final drafts of formal studies and formal plans relating to the market for moxifloxacin in the United States created before 2002 and non-final drafts of such studies and plans in its files of the persons identified as authors on the face of such studies and plans.

Document Request No. 50

All documents concerning any motivation to combine or lack of motivation to combine prior art teachings to yield the alleged invention claimed in the claims of the patents-in-suit.

Response:

Bayer objects to this request to the extent it seeks documents protected by the work product doctrine. Bayer further objects to this request on the ground that it is vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents that it intends to rely upon in support of the nonobviousness in the patents-in-suit at the appropriate time after such documents have been identified.

Document Request No. 51

A copy of the index to any Investigational New Drug Application or New Drug Application, or any supplement thereto, concerning any product comprising moxifloxacin or any

31

of its salts.

Response:

Subject to and without waiving the foregoing general objections, Bayer will produce non-privileged, responsive documents.

Document Request No. 52

All documents related to, concerning or comprising any portion of any Investigational New Drug Application or New Drug Application, or any supplement thereto, concerning any product comprising moxifloxacin or any of its salts. (Note, this request is for inspection only, copies of selected portions of these documents will be requested at a later date).

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce pre-clinical and clinical tests of moxifloxacin contained in the moxifloxacin NDA, and will discuss with Dr. Reddy's the production of other reasonable portions of the NDA, if any, that it requests to inspect from the index.

Document Request No. 53

All documents and communications with the FDA by or on behalf of Plaintiffs concerning either of the patents-in-suit.

Response:

Subject to and without waiving the foregoing general objections, Bayer will produce non-privileged, responsive communications with the FDA by or on behalf of Bayer

concerning either of the patents-in-suit..

Document Request No. 54

All documents concerning any lecture, talk, presentation, brochure, pamphlet or other documentation regarding the patents-in-suit, the subject matter of the patents-in-suit, or any product comprising moxifloxacin or any of its salts.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents in its files of the inventors and the four people Bayer lists as most significantly involved in the testing of moxifloxacin.

Document Request No. 55

Summary documents by product for sales, advertising and marketing for any product comprising any compound or its salt covered by the original claims of the '434 application.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections,

33

Bayer will produce documents sufficient to show the actual sales of moxifloxacin in the United States and worldwide and will produce final drafts of formal studies and formal plans relating to the market for moxifloxacin in the United States created before 2002 and non-final drafts of such studies and plans in its files of the persons identified as authors on the face of such studies and plans.

Document Request No. 56

Summary documents by product for sales, advertising and marketing for any product comprising moxifloxacin or any of its salts.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce documents sufficient to show the actual sales of moxifloxacin in the United States and worldwide and will produce final drafts of formal studies and formal plans relating to the market for moxifloxacin in the United States created before 2002 and non-final drafts of such studies and plans in its files of the persons identified as authors on the face of such studies and plans.

Document Request No. 57

All sales, marketing, promotion and advertising materials for any product comprising moxifloxacin or any of its salts.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly

burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce documents sufficient to show the actual sales of moxifloxacin in the United States and worldwide and will produce final drafts of formal studies and formal plans relating to the market for moxifloxacin in the United States created before 2002 and non-final drafts of such studies and plans in its files of the persons identified as authors on the face of such studies and plans.

Document Request No. 58

All documents concerning any directions or instructions to Plaintiffs' sales, marketing or advertising forces related to sales, marketing, promotion or advertising of any product comprising moxifloxacin or any of its salts.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Document Request No. 59

All documents concerning the promotion in the United States of any product comprising moxifloxacin or any of its salts.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce final drafts of formal studies and formal plans relating to the market for moxifloxacin in the United States created before 2002 and non-final drafts of such studies and plans in its files of the persons identified as authors on the face of such studies and plans.

Document Request No. 60

Marketing plans, studies or reports concerning any compound or its salt covered by the original claims of the '434 application.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce final drafts of formal studies and formal plans relating to the market for moxifloxacin in the United States created before 2002 and non-final drafts of such studies and plans in its files of the persons identified as authors on the face of such studies and plans.

Document Request No. 61

Marketing plans, studies or reports concerning or any market that include any product comprising moxifloxacin in any of its salts.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections,

Bayer will produce final drafts of formal studies and formal plans relating to the market for moxifloxacin in the United States created before 2002 and non-final drafts of such studies and plans in its files of the persons identified as authors on the face of such studies and plans.

Document Request No. 62

All documents concerning any study or analysis of the market for any product comprising moxifloxacin or any of its salts.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce final drafts of formal studies and formal plans relating to the market for moxifloxacin in the United States created before 2002 and non-final drafts of such studies and plans in its files of the persons identified as authors on the face of such studies and plans.

Document Request No. 63

All documents concerning the ownership, assignment or transfer of any right, title or interest in either of the patents-in-suit.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

37

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents.

Document Request No. 64

All documents concerning any license, effort to license, request to license, offer to license, refusal to license or consideration or discussion of licensing, any right, title or interest in either of the patents-in-suit.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents relating to the United States.

Document Request No. 65

Organizational charts or other documents sufficient to show the management and departmental organization of relevant Bayer units, including documents that identify the position, title, duties and reporting relationship of persons involved in the conception, reduction to practice, development, testing, and patenting of any of the subject matter disclosed or claimed in any patent or application in the '517 patent family, during the period beginning with the first decision to start a project involving any of the subject matter claimed in the original claims of the '484 application and ending with the issuance of the '942 patent.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents, with the exception that in lieu of documents relating to testing, Bayer will identify the four people most significantly involved and provide a brief identification of their duties.

### Document Request No. 66

Organizational charts or other documents sufficient to show the management and departmental organization of relevant Bayer units, including documents that identify the position, title, duties and reporting relationship of persons involved in the management, marketing, sale, promotion or licensing of any of the subject matter disclosed or claimed in any patent or application in the '517 patent family.

### Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Bayer will identify the four people most significantly involved in the management, marketing, sale, promotion or licensing of the subject matter disclosed or claimed in the '517 patent family and provide a brief identification of their duties.

### Document Request No. 67

All documents concerning sales volume in units and dollars for any of Plaintiffs'

products covered by the claims of the patents-in-suit.

      <u>Response</u>:

      Bayer objects to this request on the grounds that it is overly broad, 'unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

      Subject to and without waiving the foregoing general and specific objections, Bayer will produce documents sufficient to show the actual sales of moxifloxacin in the United States and worldwide.

      <u>Document Request No. 68</u>

      All documents concerning sales forecasts or strategies, marketing forecasts or strategies, or profit or revenue forecasts or strategies, for any of Plaintiffs' products or covered by the claims of the patents-in-suit.

      <u>Response</u>:

      Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

      Subject to and without waiving the foregoing general and specific objections, Bayer will produce final drafts of formal studies and formal plans relating to the market for moxifloxacin in the United States created before 2002 and non-final drafts of such studies and plans in its files of the persons identified as authors on the face of such studies and plans.

      <u>Document Request No. 69</u>

      All documents concerning pricing or pricing strategies for any of Plaintiffs' products covered by the claims of the patents-in-suit.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Document Request No. 70

All documents concerning budgeted or actual costs for research and development, manufacturing, marketing, advertising, administration, distribution, quality control, warranty, goods, inventory, or sales of any of Plaintiffs' products or methods covered by the claims of the patents-in-suit.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Document Request No. 71

All documents concerning any discussions, considerations, studies, investigations, or reports concerning how the expiration of Plaintiffs' new chemical entity FDA exclusivity for moxifloxacin or its salts would affect sales of any product comprising moxifloxacin or any of its salts.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the

41

work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce final drafts of formal studies and formal plans relating to the market for moxifloxacin in the United States created before 2002 and non-final drafts of such studies and plans in its files of the persons identified as authors on the face of such studies and plans.

Document Request No. 72

All documents concerning any discussions, considerations, studies, investigations, or reports concerning strategies for marketing products comprising moxifloxacin or any of its salts upon the expiration of Plaintiffs' new chemical entity FDA exclusivity for moxifloxacin or any of its salts.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce final drafts of formal studies and formal plans relating to the market for moxifloxacin in the United States created before 2002 and non-final drafts of such studies and plans in its files of the persons identified as authors on the face of such studies and plans.

Document Request No. 73

All Board of Director meeting minutes concerning the use of any product comprising moxifloxacin or any of its salts, the patents-in-suit, exclusivity for products

comprising moxifloxacin or its salts, Orange Book listing of the patents-in-suit, the subject matter of the patents-in-suit, or any litigation involving the patents-in-suit.

Response:

Bayer objects to this request on the grounds that it is overly broad and seeks documents that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Document Request No. 74

All press releases or transcripts or reports of public statements by Plaintiffs concerning any product that Plaintiffs have ever alleged to infringe any of the patents-in-suit, including without limitation any such documents concerning this litigation.

Response:

Subject to and without waiving the foregoing general objections, Bayer will produce non-privileged, responsive press releases or public statements issued by Bayer.

Document Request No. 75

All documents concerning Plaintiffs' document retention or destruction policy(ies) applicable to documents responsive to these document requests.

Response:

Subject to and without waiving the foregoing general objections, Bayer will produce non-privileged, responsive documents.

Document Request No. 76

All documents concerning any employment or post-employment agreement or contract with any named inventor of the patents-in-suit or any person substantively involved in

the preparation or prosecution of either of the patents-in-suit.

Response:

Bayer objects to this request on the grounds that it is overly broad, unduly
burdensome, and seeks documents that are not relevant to the claim or defense of any party nor
reasonably calculated to lead to the discovery of admissible evidence.  Bayer further objects to
this request to the extent it seeks documents protected by the attorney-client privilege and/or the
work product doctrine.

Subject to and without waiving the foregoing general and specific objections,
Bayer will produce non-privileged, responsive documents.

Document Request No. 77

All documents concerning any payment of any money or other consideration to
any named inventor of either of the patents-in-suit with respect to any of those patents.

Response:

Bayer objects to this request on the grounds that it seeks documents that are not
relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of
admissible evidence.  Bayer further objects to this request on the grounds that documents
responsive to this request are required to be kept confidential by German law.

Document Request No. 78

All documents that Bayer contends refer to, relate to, support, demonstrate, or
evidence the alleged nonobviousness of the subject matter of any claim of the patents-in-suit.

Response:

See response to Request No. 46.

Document Request No. 79

44

All documents to be used by Bayer in support or defense of any claim, defense, motion, expert report, affidavit or declaration, and all documents to be relied on, presented, introduced or offered into evidence, at any deposition, hearing or trial in this matter.

Response:

Bayer objects to this request to the extent it seeks documents protected by the work product doctrine. Bayer further objects to this request on the ground that it is premature.

Subject to and without waiving the foregoing general and specific objections, Bayer will produce non-privileged, responsive documents that are not responsive to other document requests at the appropriate time after such documents have been identified.

Document Request No. 80

All documents identified or to be identified by Bayer in response to an interrogatory in this action.

Response:

Subject to and without waiving the foregoing general objections, Bayer will produce non-privileged documents to be identified in response to Defendants' First Set of Interrogatories.

Document Request No. 81

Any translation of any document whose production is requested in any of these requests.

Response:

Bayer objects to this request to the extent that it seeks documents protected by the work product doctrine.

Subject to and without waiving the foregoing general and specific objections,

45

Bayer will produce translations of the foreign language documents that it produces in response to these document requests (to the extent that such translations exist) if Dr Reddy's agrees to pay half the cost of translating these documents and stipulates that these translations were made by a third party, that Bayer is not responsible for the accuracy of the translations, and that either party is free to object to the use of a particular translation if it believes that it is inaccurate.

Connolly Bove Lodge & Hutz LLP

Dated:  July 30, 2004

*Ti. Richard Power #494 ffr*

Rudolf E. Hutz (#484)
Jeffrey B. Bove (#998)
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899-2207
(302) 658-9141
(302) 658-5614 (Facsimile)

OF COUNSEL:

Bruce R. Genderson
Adam L. Perlman
Aaron P. Maurer
David I. Berl
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000
(202) 434-5029 (Facsimile)

Attorneys for Plaintiffs Bayer AG, Bayer
HealthCare AG, and Bayer Pharmaceuticals
Corporation

46

## CERTIFICATE OF SERVICE

I, N. Richard Powers, hereby certify that on this 30th day of July, 2004, I caused a true and correct copy of the foregoing Bayer's Objections and Responses to Dr. Reddy's First Request for the Production of Documents and Things to Bayer (Nos. 1-81) to be served in the following manner:

**Hand Delivery**

Richard L. Horwitz, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801

**Federal Express**

Louis H. Weinstein, Esq.
Budd Larner P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078

_N. Richard Powers_
N. Richard Powers

# EXHIBIT 3

# REDACTED