IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER AG, BAYER HEALTHCARE AG, and BAYER PHARMACEUTICALS CORPORATION<br><br>    Plaintiffs and<br>    Counterclaim Defendants,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, LTD. and DR. REDDY'S LABORATORIES, INC.,<br><br>    Defendants<br>    and Counterclaimants. | Civil Action No. 04-179 (SLR) |

## JOINT PRETRIAL ORDER

Plaintiffs/Counterclaim Defendants Bayer AG, Bayer HealthCare AG, and Bayer Pharmaceuticals Corporation (collectively "Bayer") and Defendants/Counterclaimants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively "Reddy"), by their undersigned counsel, submit this proposed Joint Pretrial Order pursuant to Local Rule 16.4. A Pretrial Conference in this matter is scheduled for March 8, 2006 at 4:30 p.m. Trial of this matter is scheduled to begin on March 27, 2006.

### I.   NATURE OF THE ACTION AND PLEADINGS

1. This is a patent infringement action arising out of Reddy's filing with the United States Food and Drug Administration of an Abbreviated New Drug Application ("ANDA"), pursuant to the Federal Food, Drug and Cosmetic Act, seeking approval to commercially manufacture, use, or sell a generic drug product containing moxifloxacin hydrochloride prior to the expiration of U.S. Patents Nos. 4,990,517 ("the '517 patent") and 5,607,942 ("the '942

patent").

2. Bayer sells drug products containing moxifloxacin hydrochloride under the tradename Avelox®.

3. On March 24, 2004, Bayer filed a Complaint for infringement of the '517 patent and the '942 patent against Reddy, alleging that Reddy's filing of its ANDA for the purpose of obtaining approval to commercially manufacture, use, or sell a drug product containing moxifloxacin hydrochloride prior to the expiration of the '517 patent and the '942 patent constitutes acts of infringement of the '517 patent and the '942 patent. Bayer also alleged that Dr. Reddy's Laboratories, Ltd. is liable as an infringer of the '517 patent and the '942 patent for actively inducing Dr. Reddy's Laboratories, Inc. to infringe the '517 patent and the '942 patent by filing its ANDA for the purpose of obtaining approval to commercially manufacture, use, or sell a drug product containing moxifloxacin hydrochloride prior to the expiration of the '517 patent and the '942 patent. Bayer seeks a judgment providing that the effective date of any FDA approval for Reddy to commercially make, use, or sell moxifloxacin hydrochloride or any drug product containing moxifloxacin hydrochloride be not earlier than the latest of the expiration dates of the '517 patent and the '942 patent. Bayer also seeks an injunction against any infringement or inducement of infringement by Reddy of the '517 patent and the '942 patent, together with costs and expenses, and such other and further relief as the Court may deem just and proper.

4. On May 24, 2004, Reddy filed an Answer and Counterclaim, denying infringement of the '517 patent and the '942 patent and alleging that the claims of the '517 patent are invalid due to obviousness and the claims of the '942 patent are invalid due to double patenting and both patents are unenforceable due to inequitable conduct. Reddy seeks judgments

that the manufacture, use, import, or sale of its moxifloxacin hydrochloride product will not infringe any valid and enforceable claim of the '517 patent or the '942 patent, that certain claims of the '517 patent and the '942 patent are invalid, and that the '517 patent and the '942 patent are unenforceable, and to enjoin Bayer from asserting or otherwise seeking to enforce the '517 patent or the '942 patent against Reddy or anyone manufacturing, using, selling, or importing Reddy's proposed moxifloxacin hydrochloride product, together with costs and expenses, and such other and further relief as the Court deems just and proper.

5. On June 10, 2004, Bayer filed an Answer to Counterclaims, denying that the claims of the '517 patent and the '942 patent are invalid or unenforceable. Bayer seeks an order dismissing each of Reddy's counterclaims with prejudice, costs and expenses in this action, and such other and further relief as the Court deems just and proper. Neither party alleges willful infringement or exceptional case and neither party seeks attorneys' fees.

6. Bayer is asserting infringement in this action of Claims 1, 2, 8, 9, and 11 of the '517 patent and Claims 1, 2, 3, 4, 5, and 7 of the '942 patent (collectively "the Asserted Claims").

7. By Stipulation filed June 9, 2005 and signed by the Court on June 13, 2005, and as more fully set forth in the parties' Statement of Admitted Facts Requiring No Proof, the parties have reached stipulations regarding the infringement of the Asserted Claims by Reddy's proposed moxifloxacin hydrochloride product to the extent these claims are valid and enforceable. Thus, the issues remaining for trial are Reddy's defenses and counterclaims of invalidity and unenforceability.

8. The parties have agreed that under the present pleadings Reddy can also assert inequitable conduct with respect to: the article by Egawa, et al., published in J. Med. Chem.

3

Volume 27, pages 1543-1548 (1984); Abstract no. 20035285 of Japanese Patent Application JP 60-126284 (BL005-052215); and the article by Birkofer, et al., published in H. Justus Liebigs Annalen der Chemie, 677, pages 154-157 (1964).

## II. BASIS FOR FEDERAL JURISDICTION

1. This action arises under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

2. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). No party contests venue.

## III. STATEMENT OF ADMITTED FACTS REQUIRING NO PROOF

1. The parties' Statement of Admitted Facts Requiring No Proof is attached as Exhibit 1.

## IV. STATEMENTS OF ISSUES OF FACT REMAINING TO BE LITIGATED

1. Bayer's Statement of Issues of Fact Which Remain to be Litigated is attached as Exhibit 2.

2. Reddy's Statement of Issues of Fact Which Remain to be Litigated is attached as Exhibit 3.

## V. STATEMENTS OF ISSUES OF LAW REMAINING TO BE LITIGATED

1. Bayer's Statement of Issues of Law Which Remain to be Litigated is attached as Exhibit 4.

2. Reddy's Statement of Issues of Law Which Remain to be Litigated is attached as Exhibit 5.

4

## VI. EXHIBITS

1.  Bayer's list of exhibits it may offer at trial and Reddy's objections thereto is attached as Exhibit 6.

2.  Reddy's list of exhibits it may offer at trial and Bayer's objections thereto is attached as Exhibit 7.

3.  The parties reserve the right to supplement these exhibit lists, with sufficient and reasonable notice to the other side.

4.  The parties will offer at trial one or more of the exhibits set forth in their respective exhibit lists. These lists include the exhibit numbers to be used at trial and a description sufficient to identify the exhibits. These exhibit lists may include exhibits that may not necessarily be offered or introduced into evidence.

5.  Each party may use an exhibit that is listed on the other side's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections. Any exhibit, once admitted, may be used equally by each party for any proper purpose and subject to the rules of evidence.

6.  The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side for the purpose that the opposing side wishes to admit the document. Each party reserves the right to object to the relevancy of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

7.  The parties will exchange color representations, on 8 ½ by 11 paper, of demonstrative exhibits intended to be used at trial, except for demonstrative exhibits used for impeachment, at such times and places and under such circumstances as mutually agreed to by

the parties. The notice provisions of this paragraph shall not apply to demonstrative exhibits created in the courtroom during testimony at trial or the enlargement, simple highlighting, ballooning, or excerption of trial exhibits or testimony.

8. The parties have agreed that demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits.

9. The parties shall make available for inspection any physical exhibits to be used at trial, labeled with the exhibit number. Access to the opposing side's physical exhibits shall be at such time and place and under such circumstances as are reasonable and mutually agreed to.

## VII. WITNESSES TO BE CALLED IN PERSON OR BY DEPOSITION

1. The list of witnesses who Bayer intends to call to testify at trial, either in person or by deposition, and the specialties of experts to be called as witnesses, is attached as Exhibit 8.

2. The list of witnesses who Reddy intends to call to testify at trial, either in person or by deposition, and the specialties of experts to be called as witnesses, is attached as Exhibit 9.

3. The parties agree to give one another advance notice of the anticipated order of their witnesses' testimony at such times as will be mutually agreed by the parties.

4. The parties shall exchange designations of the deposition testimony that they intend to offer in their case-in-chief on March 10, 2006. The opposing side shall provide objections and counter-designations on March 17, 2006. Any objections to counter-designations and further designations in response to counter-designations shall be exchanged on March 22, 2006. To the extent additional rounds of designation or objection may become necessary, the parties will work in good faith and agree upon a mutually agreeable schedule.

5. With respect to deposition designations and counter-designations, each side shall be charged only with the time needed to read, or play by videotape, its own designations or

6

counter-designations, and will not be charged with the time necessary to read, or play by videotape, the other side's designations or counter-designations.

  6. The listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition.

## VIII. THE PARTIES' BRIEF STATEMENTS OF INTENDED PROOFS

  1. Bayer's Statement of Intended Proofs is attached as Exhibit 10.

  2. Reddy's Statement of Intended Proofs is attached as Exhibit 11.

## IX. AMENDMENTS TO PLEADINGS

Pursuant to the agreement of the parties recited in Section I.8, no amendments to the pleadings are required.

## X. CERTIFICATION OF TWO-WAY COMMUNICATION

The parties certify that two-way communication has occurred between persons having authority in a good faith effort to explore the resolution of this controversy by settlement. It was determined that the matter could not be resolved at that juncture by settlement.

## XI. MISCELLANEOUS ISSUES

  1. Each side be allowed a one-half hour opening statement. Reddy will present its opening statement and its case-in-chief first.

  2. A list of miscellaneous issues that Bayer wishes to address at the Pretrial Conference is attached as Exhibit 12.

  3. A list of miscellaneous issues that Reddy wishes to address at the Pretrial Conference is attached as Exhibit 13.

## XII. ORDER TO CONTROL COURSE OF ACTION

This Order shall control the subsequent course of the action unless modified by the Court

to prevent manifest injustice.

| **CONNOLLY BOVE LODGE & HUTZ LLP** | **POTTER ANDERSON & CORROON LLP** |
|---|---|
| /s/ Jeffery B. Bove | /s/ Richard L. Horwitz |
| Jeffrey B. Bove (#998) | Richard L. Horwitz (#2246) |
| Kevin M. Baird (#4219) | Kathleen Furey McDonough (#2395) |
| 1007 North Orange Street | David E. Moore (#3983) |
| P.O. Box 2207 | Hercules Plaza, 6th Floor |
| Wilmington, DE 19899-2207 | 1313 North Market Street |
| (302) 658-9141 | Wilmington, DE 19801 |
| (302) 658-5614 (Facsimile) | (302) 984-6000 |
| OF COUNSEL: | OF COUNSEL: |
| Bruce R. Genderson | Louis H. Weinstein |
| Adam L. Perlman | David J. Novack |
| Aaron P. Maurer | A. Michael Covino |
| David I. Berl | Frank D. Rodriguez |
| Dov P. Grossman | Michael H. Imbacuan |
| Williams & Connolly LLP | Budd Larner, PC |
| 725 Twelfth Street, NW | 150 John F. Kennedy Parkway |
| Washington, DC 20005 | Short Hills, NJ 07078 |
| (202) 434-5000 | (973) 379-4800 |
| *Attorneys for Plaintiffs/Counterclaim Defendants* | *Attorneys for Defendants/Counterclaimants* |

SO ORDERED this _____ day of March, 2006

_____
United States District Judge

8