## EXHIBIT 1

## STATEMENT OF ADMITTED FACTS REQUIRING NO PROOF

1. Bayer AG is a corporation incorporated and existing under the laws of the Federal Republic of Germany, having its principal place of business at D-51368 Leverkusen, Federal Republic of Germany.

2. Bayer Healthcare AG is a corporation organized and existing under the laws of the Federal Republic of Germany, having its principal place of business at D-51368 Leverkusen, Federal Republic of Germany.

3. Bayer Pharmaceuticals Corporation is a United States corporation incorporated under the laws of the State of Delaware, and having its principal place of business at 400 Morgan Lane, West Haven, Connecticut 06516.

4. Dr. Reddy's Laboratories, Ltd. is a public limited liability company incorporated and existing under the laws of India and having a principal place of business at 7-1-27, Amerpeet, Hyderabad 500 016, India.

5. Dr. Reddy's Laboratories, Inc. is a corporation organized and existing under the law of the State of New Jersey, having a principal place of business at 200 Somerset Corporation Blvd., 22 West Bldg. 2, 7th Floor, Bridgewater, New Jersey 08807.

6. United States Patent No. 4,990,517 ("the '517 patent") issued on February 5, 1991.

7. United States Patent Application No. 07/375,434 ("the '434 application"), the U.S. patent application that matured into the '517 patent, was filed in the U.S. Patent & Trademark Office ("PTO") on June 30, 1989.

8. The '434 application claims priority to German patent application No. 3824072.6 filed on July 15, 1988 and to German patent application No. 3906365.8 filed on March 1, 1989 (the "German Priority Applications").

9. The disclosure of the German Priority Applications, individually or taken together, satisfies the requirements of 35 U.S.C. § 112 with respect to the disclosure and claims of the '517 patent.

10. The priority date of the '517 patent is July 15, 1988.

11. The claims of the '517 patent are enabled and described by the specification of the '517 patent at least to the extent required to 35 U.S.C. § 112.

12. United States Patent No. 5,607,942 ("the '942 patent") issued on March 4, 1997.

13. United States Patent Application No. 406,448 ("the '448 application"), the U.S. patent application that ultimately matured into the '942 patent, was filed in the U.S. Patent & Trademark Office ("PTO") on March 20, 1995.

14. The '448 application claims priority, through the '434 application, to the German Priority Applications.

15. The disclosure of the German Priority Applications, individually or taken together, satisfies the requirements of 35 U.S.C. § 112 with respect to the disclosure and claims of the '942 patent.

16. The priority date of the '942 patent is July 15, 1988.

17. There is sufficient written description in both of the German patent applications to which the '517 and '942 patents claim priority to satisfy the requirements of 35 U.S.C. § 112 for each of claims 1, 2, 8, 9, and 11 of United States Patent 4,990,517 and claims 1, 2, 3, 4, 5, and 7 of United States Patent 5,607,942.

18. The subject matter of each of claims 1, 2, 8, 9, and 11 of the '517 patent and claims 1, 2, 3, 4, 5, and 7 of the '942 patent are enabled by the disclosures of each of the German patent applications to which the '517 and '942 patents claim priority and therefore the enablement requirements of 35 U.S.C. § 112 are satisfied as to each of these claims.

19. The '517 patent and the '942 patent, and the applications corresponding to these patents, are part of the Bayer family internally called the "Le A 26 108" patent family.

20. Bayer AG was the assignee of the applications leading to the '517 patent and the '942 patent during their prosecution at the United States Patent and Trademark Office.

21. A terminal disclaimer of United States Patent 5,607,942 over United States Patent 4,990,517 has not been filed in the United States Patent and Trademark Office.

22. Bayer sells quinolone antibacterial drug products containing moxifloxacin hydrochloride under the tradename Avelox®.

23. Claims 1, 2, 8, 9, and 11 of the '517 patent claim certain compounds, including moxifloxacin hydrochloride, compositions containing those compounds, and methods of using those compounds as antibacterial agents.

24. Claims 1, 2, 3, 4, 5, and 7 of the '942 patent claim certain compounds, including moxifloxacin hydrochloride, compositions containing those compounds, and methods of using those compounds as antibacterial agents.

25. Bayer is the holder of a U.S. Food and Drug Administration ("FDA") approved New Drug Application for Avelox®, pursuant to which it has listed the '517 patent and the '942 patent in the FDA's Orange Book.

26. Reddy filed an Abbreviated New Drug Application ("ANDA"), ANDA No. 76-938, with the United States Food and Drug Administration pursuant to 21 U.S.C. §

355(j)(2)(A)(vii)(IV) seeking approval to commercially manufacture, use, or sell a generic drug product containing moxifloxacin hydrochloride prior to the expiration of the '517 patent and the '942 patent ("Reddy's ANDA No. 76-938").

27. Bayer is asserting infringement in this action of claims 1, 2, 8, 9, and 11 of the '517 patent and claims 1, 2, 3, 4, 5, and 7 of the '942 patent.

28. The moxifloxacin hydrochloride tablet product of Reddy's ANDA No. 76-938 (including modification to the formulation but not the active ingredient thereof), infringes each of claims 1, 2, 8, and 9 of the '517 patent to the extent such claim is valid and enforceable.

29. The bulk active pharmaceutical ingredient of Reddy's DMF 16999 infringes each of claims 1 and 2 of the '517 patent to the extent such claim is valid and enforceable.

30. The use of the moxifloxacin hydrochloride tablet product of Reddy's ANDA No. 76-938 (including modification to the formulation but not the active ingredient thereof), when used in accord with any label submitted now or in the future in Reddy's ANDA 76-938 infringes each of claims 1, 2, 8, 9 and 11 of the '517 patent to the extent such claim is valid and enforceable.

31. The moxifloxacin hydrochloride tablet product of Reddy's ANDA No. 76-938 (including modification to the formulation but not the active ingredient thereof) infringes each of claims 1, 2, 3 and 4 of the '942 patent to the extent such claim is valid and enforceable.

32. The bulk active pharmaceutical ingredient of Reddy's DMF 16999 infringes each of claims 1, 2, 3 and 4 of the '942 patent to the extent such claim is valid and enforceable.

33. The use of the moxifloxacin hydrochloride tablet product of Reddy's ANDA No. 76-938 (including modification to the formulation but not the active ingredient thereof), when used in accord with any label submitted now or in the future in Reddy's ANDA No. 76-938

infringes each of claims 1, 2, 3, 4, 5 and 7 of the '942 patent to the extent such claim is valid and enforceable.

34. The Moxifloxacin Hydrochloride tablet product of Reddy's ANDA 76-938 (including modification to the formulation but not to the active ingredient thereof), does not infringe any of claims 3, 4, 5, 6, 7, or 10 of United States Patent 4,990,517.

35. The bulk active pharmaceutical ingredient of Reddy's DMF 16999 does not infringe any of claims 10, 12, or 14 of United States Patent 4,990,517 when manufactured, sold, imported, exported or used for use in a product for humans.

36. The use of the Moxifloxacin Hydrochloride tablet product of Reddy's ANDA 76-938 (including modification to the formulation but not to the active ingredient thereof) of Reddy's ANDA 76-938, when used in humans does not infringe any of claims 3, 4, 5, 6, 7, 10, 12, 13 or 14 of United States Patent 4,990,517.

37. The bulk active pharmaceutical ingredient of Reddy's DMF 16999 does not infringe any of claims 6 or 8 of United States Patent 5,607,942 when manufactured, sold, imported, exported or used for use in a product for humans.

38. The use of the Moxifloxacin Hydrochloride tablet product of Reddy's ANDA 76-938 (including modification to the formulation but not to the active ingredient thereof), when used in humans does not infringe any of claims 6 or 8 of United States Patent 5,607,942.

39. The bulk active pharmaceutical ingredient of Reddy's DMF 16999 does not infringe any of claims 3, 4, 5, 6, or 7 of United States Patent 4,990,517.

40. Each of claims 1, 2, 3, 4, 5, and 7 of United States Patent 5,607,942 cannot be practiced without infringing at least one claim of United States Patent 4,990,517.

41. When it was filed in the United States Patent and Trademark Office on June 30, 1989, United States Patent Application 07/375,434 satisfied the written description and enablement requirements of 35 U.S.C. § 112 for each of claims 1, 2, 8, 9, and 11 of United States Patent 4,990,517 and 1, 2 3, 4, 5, and 7 of United States Patent 5,607,942.

42. "Moxifloxacin," as used in ¶¶ 43 – 51, refers to the compound with the structure drawn in claim 1 of the '942 patent and the hydrochloride salt of that compound.

43. Moxifloxacin has unexpected desirable properties as compared to the prior art relied upon by Reddy in asserting that the asserted claims the '517 patent are invalid for obviousness under 35 U.S.C. § 103, including efficacy in treating a broad spectrum of gram-positive and gram-negative bacterial infections and mycobacterial infections in man, including *Streptococcus pneumoniae*.

44. Moxifloxacin has unexpected desirable properties as compared to the other compounds in genus claims 1 and 2 of the '517 patent, both alone or in combination with any prior art on which Reddy relies for asserting that the asserted claims of the '942 patent are invalid for non-statutory obviousness-type double patenting, including efficacy in treating a broad spectrum of gram-positive and gram-negative bacterial infections and mycobacterial infections in man, including *Streptococcus pneumoniae*.

45. Moxifloxacin has unexpected desirable properties as compared to the compounds in claims 4 and 5 of the '517 patent as well as many other compounds within the scope of claims 1 and 2 of the '517 patent, both alone or in combination with any prior art on which Reddy relies for asserting that the asserted claims of the '942 patent are invalid for non-statutory obviousness-type double patenting, including that moxifloxacin displays clinically relevant significantly reduced phototoxicity and is the best tolerated of all the fluoroquinolones Bayer investigated.

46.     Reddy is not asserting in this case that the claims of the '942 patent are invalid for double patenting on any basis other than non-statutory obviousness-type double patenting over claim 4 or claim 5 of the '517 patent and *Schneller*-type double patenting.

47.     Without prejudice to Reddy's position that unexpected desirable properties are not relevant and therefore inadmissible in the determination of whether there is non-statutory obviousness-type double patenting, if unexpected desirable properties are relevant in this action in the determination of whether there is non-statutory obviousness-type double patenting, the claims of the '942 patent are not invalid for non-statutory obviousness-type double patenting. Nothing herein precludes Reddy or Bayer from appealing at the appropriate time a determination by this Court concerning the relevance of unexpected desirable properties to a determination of non-statutory obviousness-type double patenting.

48.     Without prejudice to Reddy's position that unexpected desirable properties are not relevant and therefore inadmissible in the determination of whether there is *Schneller*-type double patenting, and without prejudice to Bayer's position that *Schneller*-type double patenting does not exist and, even if it does exist, could not be applicable to the facts of this case, it is stipulated that moxifloxacin is not an obvious variant of the invention defined by either genus claim 1 or genus claim 2 of the '517 patent in light of the prior art. Nothing herein precludes Reddy or Bayer from appealing at the appropriate time a determination by this Court concerning the relevance of unexpected desirable properties to a determination of *Schneller*-type double patenting, the existence of *Schneller*-type double patenting, or its applicability to this case.

49.     Moxifloxacin is and has been a commercial success.

50.     The commercial success of moxifloxacin is and has been due to the features of the compound.

51. Moxifloxacin fulfilled a long-felt but unmet need which existed in the art prior to July 15, 1988.

52. Bayer has licensed the patents-in-suit to third parties.

53. No claims of the '434 application were ever rejected over the Culbertson '175 patent or any counterpart thereto.

54. A Notice of Allowability relating to the '434 application was mailed to Leonard Horn on August 27, 1990.

55. The issue fee for the '434 application was mailed by Leonard Horn to the U.S. PTO on October 31, 1990.

56. The Search Report of the European Patent Office in the corresponding European counterpart to the '434 application (the "European Search Report") was mailed on November 7, 1990 by the European Patent Office to the Bayer Patent Department in Germany.

57. This European Search Report, dated "07.11.90", in European Application 89111950.5, was received in the Bayer patent department on November 9, 1990.

58. On November 12, 1990, the Bayer Patent Department sent the European Search Report to the Sprung Horn law firm.

59. A divisional application of the '434 application, U.S. Patent Application No. 07/580,906 ("the '906 application") was filed September 10, 1990.

60. U.S. Patent Application No. 07/298,459 ("the '459 application") is part of the Bayer internal patent family internally called the "Le A 25 727" patent family.

61. In July of 1990, the compound given the designation PEW 6902 at the page produced with production number BL008-012351 was synthesized by Dr. Uwe Petersen or at his direction.

62. Dr. Uwe Petersen drafted portions of a draft patent application which ultimately was given the designation Le A 26 108 and which ultimately was filed in the German Patent Office.

63. When the compound given the designation PEW 6902 at the page produced with production number BL008-012351 was first synthesized by Dr. Uwe Petersen or at his direction, Dr. Uwe Petersen understood that the compound PEW 6902 was synthesized using an intermediate given the designation PEW 6893 at the page produced with production number BL008-012394.

64. In July of 1990, Dr. Uwe Petersen understood that the intermediate given the designation PEW 6893 at the page produced with production number BL008-012394 was disclosed in Sankyo '206.

65. Dr. Thomas Schenke wrote the pages produced at BL005-001347 to BL005-001352 in May 1989.

66. The compound depicted at the page produced with production number BL002-015187 was synthesized by Dr. Uwe Petersen or at his direction on more than one occasion, including at least once on or before October 4, 1990.

67. The chemical structure depicted at the page produced with production number BL002-015187 has the same chemical structure depicted in claim 1 of the '942 patent.

68. The handwriting on the page produced with production number BL005-038017 is the handwriting of Dr. Uwe Petersen.

69. The handwriting on the page produced with production number BL005-038018, including without limitation the handwritten structure and the handwritten notation, is the handwriting of Dr. Uwe Petersen.

70. The pages produced with production numbers BL005-001285 to BL005-001288 were written by Dr. Klaus Grohe in November 1987.

71. The chemical structure depicted at the page produced with production number BL008-012351 has the same chemical structure depicted in claim 2 of the '942 patent.

72. In 1994, the "Miles Inc." who was a party to Ortho v. Miles Inc., Civil Action No. 90 Civ. 5043 (S.D.N.Y.) was a corporation that was affiliated with Bayer AG.

73. Between 1990 and 1995, Miles Inc. was a wholly-owned subsidiary of Bayer AG.

74. Between 1990 and 1995, there was only one corporation affiliated with Bayer AG named "Miles Inc."

75. The copy of the motion to amend judgment (and accompanying materials) from Ortho Diagnostic Systems, Inc. v. Miles, Inc., Civil Case No. 1:90-cv-05043-WCC-MDF (S.D.N.Y.) which was produced to Reddy (DTX 219) is an authentic copy of papers filed by Miles Inc. in the Ortho case.

76. Dr. Albert Adrian assisted in the preparation and filing of European Application 89111950.5, on or about June 29, 1989.

77. The Exhibits to the Declaration of John L. Sang dated February 10, 2005 are true and accurate copies of certain papers in the file wrapper of United States Patent Application 07/580,906 at the United States Patent and Trademark Office.