## ISSUES OF FACT THAT REMAIN TO BE LITIGATED

### Inequitable Conduct – '517 Patent

1. Whether the '517 patent is unenforceable due to the inequitable conduct of Bayer, Dr. Uwe Petersen, Dr. Schenke, Dr. Bailly, Dr. Adrian and/or Leonard Horn.

2. Whether the patent applicants on the '517 patent breached their duty of candor to the United States Patent and Trademark Office.

3. Whether any or all of the following references ("References") were material:

   a. Justus Liebigs Ann. der Chemie, Vol. 677, pp. 154-157 (1964) (The "Liebigs Reference");
   b. European Published Patent Application EP 241,206 (The "Sankyo '206 Application");
   c. Egawa, et al., J. Med. Chem. Volume 27, pages 1543-1548 (1984) (The "Egawa Article");
   d. Japanese Published Patent Application 60 126284 ("The '284 Application")
   e. The Derwent Abstract of Japanese Published Patent Application 60 126284 ("The '284 Abstract")

4. Whether Bayer, Dr. Uwe Petersen, Dr. Schenke, Dr. Bailly, Dr. Adrian and/or Leonard Horn withheld the Liebigs Reference from the prosecution of the '517 patent with intent to deceive.

5. Whether the failure of Bayer, Dr. Uwe Petersen, Dr. Schenke, Dr. Bailly, Dr. Adrian and/or Leonard Horn to submit the Sankyo '206 Application, the Egawa Article, the '284 Application, and/or the '284 Abstract prior to the payment of the issue fee of the '434 application was with intent to deceive.

6. Whether the conduct of Bayer, Dr. Uwe Petersen, Dr. Schenke, Dr. Bailly, Dr. Adrian and/or Leonard Horn with respect to the Sankyo '206 Application, the Egawa Article, the '284 Application, and/or the '284 Abstract after the payment of the issue fee of the '434 application was with intent to deceive.

7. Whether the conduct of Bayer, Dr. Uwe Petersen, Dr. Schenke, Dr. Bailly, Dr. Adrian and/or Leonard Horn with respect to the European Search Report for the counterpart to the '434 application was with intent to deceive.

8. Whether Bayer, Dr. Uwe Petersen, Dr. Schenke, Dr. Bailly, Dr. Adrian and/or Leonard Horn intentionally withheld and/or failed to disclose material information concerning the References or the European Search Report from the patent office in connection with the '434 application.

9.  Whether the Examiner of the '517 patent considered the Sankyo '206 Application, the Egawa Article, the '284 Application, and/or the '284 Abstract before the '434 Application issued as the '517 patent.

10. Whether the Examiner of the '517 patent considered any of the materials cited in the April 25, 1995 Certificate of Correction in the '517 Patent before the '434 Application issued as the '517 patent.

11. Whether any of the Liebigs Reference, the Sankyo '206 Application, the Egawa Article, the '284 Application, and/or the '284 Abstract was cumulative to any material considered by the Examiner in the prosecution of the '434 application before it issued as the '517 patent.

### Obviousness – '517 Patent

12. The level of ordinary skill in the art at the time of the invention.

13. The scope and content of the prior art relating to the '517 and '942 patents.

14. Whether a person of ordinary skill in the art would have been motivated to make quinolone or napthyridone compounds with a diazabicyclic substituent at the 7-position.

15. Whether a person of ordinary skill in the art would have had a reasonable expectation that a quinolone or napthyridone compound with a diazabicyclic substituent at the 7-position would be useful as an antibacterial agent.

16. Whether a person of ordinary skill in the art would have considered Sankyo compound 1-130 and compound AT-3295 to be "lead" compounds.

17. Whether a person of ordinary skill in the art would have been motivated to make bicyclic analogues of Sankyo compound 1-130 and/or compound AT-3295.

18. Whether a person of ordinary skill would have been motivated to make the following compound, a compound which is included in the genus and subgenus of compounds defined by claims 1 and 2 of the '517 patent, and referred to herein as "the bicyclic analog of Sankyo compound 1-130":

19. Whether the person of ordinary skill in the art would have had a reasonable expectation that the bicyclic analog of Sankyo compound 1-130 would be useful as an antibacterial agent.

20. Whether a person of ordinary skill would have been motivated to make the following compound, a compound which is included in the genus and subgenus of compounds defined by claims 1 and 2 of the '517 patent, and referred to herein as "the bicyclic analog of AT-3295":

[Chemical structure diagram of the bicyclic analog of AT-3295, showing a fluoroquinolone-type structure with F, COOH, N-cyclopropyl, HCl salt, and a bicyclic pyrrolidine substituent with HN group]

21. Whether the person of ordinary skill in the art would have had a reasonable expectation that the bicyclic analog of AT-3295 would be useful as an antibacterial agent.

22. Whether the person of ordinary skill in the art would have been motivated to make an antibacterial composition comprising an antibacterially effective amount of the bicyclic analog of Sankyo compound 1-130 and a diluent, a composition which is included in claim 8 of the '517 patent, and would have had a reasonable expectation that it would be useful as an antibacterial composition.

23. Whether the person of ordinary skill in the art would have been motivated to make an antibacterial composition comprising an antibacterially effective amount of the bicyclic analog of AT-3295 and a diluent, a composition which is included in claim 8 of the '517 patent, and would have had a reasonable expectation that it would be useful as an antibacterial composition.

24. Whether the person of ordinary skill in the art would have been motivated to make an antibacterial composition comprising an antibacterially effective amount of the bicyclic analog of Sankyo compound 1-130 and a diluent in the form of a tablet, capsule or ampule, a composition which is included in claim 9 of the '517 patent, and would have had a reasonable expectation that it would be useful as an antibacterial composition.

25. Whether the person of ordinary skill in the art would have been motivated to make an antibacterial composition comprising an antibacterially effective amount of the bicyclic analog of AT-3295 and a diluent in the form of a tablet, capsule or ampule, a composition which is included in claim 9 of the '517 patent, and would have had a reasonable expectation that it would be useful as an antibacterial composition.

26. Whether the person of ordinary skill in the art would have been motivated to practice a method of combating bacteria in a patient in need thereof which comprises administering to such patient an antibacterially effective amount of the bicyclic analog of Sankyo compound 1-130, a method which is

included in claim 11 of the '517 patent, and would have had a reasonable expectation that it would be a useful method.

27.    Whether the person of ordinary skill in the art would have been motivated to practice a method of combating bacteria in a patient in need thereof which comprises administering to such patient an antibacterially effective amount of the bicyclic analog of AT-3295, a method which is included in claim 11 of the '517 patent, and would have had a reasonable expectation that it would be a useful method.

28.    Whether there is any evidence of objective indicia of non-obviousness bearing on the obviousness of the asserted claims of the '517 patent.

### *Schneller*-type Double Patenting - '942 Patent

29.    Whether the asserted claims of the '942 patent are invalid for nonobviousness-type double patenting under *In re Schneller*, 397 F.2d 350 (CCPA 1968), because the subject matter of the asserted claims of the '942 patent is fully disclosed in and covered by the claims of the '517 patent, and there was no reason why Bayer was prevented from obtaining the asserted claims of the '942 patent in the prosecution of the '517 patent.

30.    Whether Bayer was prevented from obtaining the asserted claims of the '942 patent in the prosecution of the '517 patent.

31.    Whether objective indicia of non-obviousness are relevant to the determination of *Schneller*-type double patenting

### Obviousness-type Double Patenting – '942 Patent

32.    Whether the asserted claims of the '942 patent are obvious variants in light of the prior art of the invention defined by at least one claim of the '517 patent.

33.    Whether a person of ordinary skill in the art would have been motivated to make the compound defined by claim 2 of the '942 patent by replacing the fluorine at the 8-postion of the compound defined by claim 4 of the '517 patent with a methoxy group, whether the person of ordinary skill in the art would have had a reasonable expectation that the resulting compound would be useful as an antibacterial compound and whether the person of ordinary skill in the art would have been motivated to make each of the four stereoisomers, including the compound defined by claim 1 of the '517 patent, with the expectation that one of them would be as useful or better than the nonstereospecific compound.

34.    Whether a person of ordinary skill in the art would have been motivated to make the compound defined by claim 2 of the '942 patent by replacing the chlorine at the 8-postion of the compound defined by claim 5 of the '517 patent with a methoxy group, whether the person of ordinary skill in the art would have had a reasonable expectation that the resulting compound would be useful as an antibacterial compound and whether the person of ordinary skill in the art would have been motivated to make each of the four stereoisomers, including the compound defined by claim 1 of the '517 patent, with the expectation that one of them would be as useful or better than the nonstereospecific compound.

5

35.     Whether a person of ordinary skill in the art would have been motivated to make the composition of claim 3 of the '942 patent, and have a reasonable expectation that it would be useful as an as an antibacterial composition, based on the invention defined in at least one claim of the '517 patent in light of the prior art.

36.     Whether a person of ordinary skill in the art would have been motivated to make the composition of claim 4 of the '942 patent and have a reasonable expectation that it would be useful as an as an antibacterial composition, based on the invention defined in at least one claim of the '517 patent in light of the prior art.

37.     Whether a person of ordinary skill in the art would have been motivated to practice the method defined by claim 5 of the '942 patent and have a reasonable expectation that it would be useful method, based on the invention defined in at least one claim of the '517 patent in light of the prior art.

38.     Whether a person of ordinary skill in the art would have been motivated to practice the method defined by claim 7 of the '942 patent and have a reasonable expectation that it would be useful method, based on the invention defined in at least one claim of the '517 patent in light of the prior art.

39.     Whether objective indicia of non-obviousness are relevant to obviousness-type double patenting

### Inequitable Conduct – '942 Patent

40.     Whether there is an immediate and necessary relation between the inequitable conduct in the '517 patent and the '942 patent.

41.     Whether the inequitable conduct in regard to the '517 patent carries forward to the '942 patent, rendering it unenforceable.

587288