## EXHIBIT 10

## BAYER'S BRIEF STATEMENT OF INTENDED PROOFS

### I. OBVIOUSNESS

Bayer does not bear the burden of proof on obviousness. To the extent necessary, Bayer will establish sufficient grounds to defeat Reddy's allegations of obviousness, including as follows:

1. The asserted claims of the '517 patent are not invalid for obviousness.

2. The asserted claims of the '517 patent are not prima facie obvious in light of the art on which Reddy relies.

3. The invention claimed in the asserted claims of the '517 patent possesses unexpected desirable results.

4. Objective indicia of non-obviousness demonstrate that the asserted claims of the '517 patent are not invalid for obviousness.

### II. ENFORCEABILITY

#### A. '517 Patent

Bayer does not bear the burden of proof on inequitable conduct. To the extent necessary, Bayer will establish sufficient grounds to defeat Reddy's allegations of inequitable conduct, including as follows:

1. The '517 patent is not unenforceable due to inequitable conduct.

2. The references on which Reddy relies for its inequitable conduct allegations were not material.

3. The references on which Reddy relies for its inequitable conduct allegations were not material to the claims as issued.

4. The references on which Reddy relies for its inequitable conduct allegations were submitted to PTO Examiner Dentz prior to the issuance of the '517 patent.

5. The references on which Reddy's relies for its inequitable conduct allegations were cumulative of, or less pertinent than, the art before Examiner Dentz.

6. No individual with a duty of disclosure with respect to the '434 application (the application which led to the '517 patent) withheld material prior art with intent to deceive the PTO.

7. Evidence of good faith precludes a finding that any individual with a duty of disclosure with respect to the '434 application intended to deceive the PTO.

8. Reddy has failed to prove by clear and convincing evidence that the conduct of any individual with a duty of disclosure with respect to the '434 application is so culpable that the '517 patent should be unenforceable.

**B.    '942 Patent**

Bayer does not bear the burden of proof on infectious unenforceability. To the extent necessary, Bayer will establish sufficient grounds to defeat Reddy's allegations of infectious unenforceability, including as follows:

1. The '942 patent is not unenforceable by reason of infectious unenforceability.

2. There is no immediate and necessary relationship between any alleged inequitable conduct during prosecution of the '517 patent and enforcement of the '942 patent.

**III.    DOUBLE PATENTING**

Bayer does not bear the burden of proof on double patenting. To the extent necessary, Bayer will establish sufficient grounds to defeat Reddy's allegations of double patenting, including as follows:

    1.    The asserted claims of the '942 patent are not invalid for obviousness-type double patenting over claim 4 or claim 5 of the '517 patent.

    2.    The asserted claims of the '942 patent are not prima facie invalid for obviousness-type double patenting over claim 4 or claim 5 of the '517 patent.

    3.    The invention claimed in the asserted claims of the '942 patent possesses unexpected desirable results.

    4.    Objective indicia of non-obviousness demonstrate that the asserted claims of the '942 patent are not invalid for obviousness-type double patenting over claim 4 or claim 5 of the '517 patent.

    5.    There does not exist a doctrine of <u>Schneller</u>-type double patenting.

    6.    To the extent there does exist a doctrine of <u>Schneller</u>-type double patenting, the asserted claims of the '942 patent are not invalid for <u>Schneller</u>-type double patenting.

## IV.    RELIEF

Bayer intends to establish that:

    1.    A judgment should be entered providing that the effective date of any FDA approval for Reddy commercially to make, use, or sell moxifloxacin hydrochloride or any drug product containing moxifloxacin hydrochloride be not earlier than the latest of the expiration dates of the '517 patent and the '942 patent.

    2.    Reddy should be enjoined from infringing or inducing the infringement of the '517 patent and the '942 patent.

    3.    Bayer should be awarded costs.