# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

January 9, 2007

**BY E-FILING and HAND DELIVERY**

The Honorable Sue L. Robinson
Chief Judge
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      Re:    **Bayer AG, et al. v. Dr. Reddy's Laboratories, Ltd., et al.,**
                **C.A. No. 04-0179**

Dear Chief Judge Robinson:

      Pursuant to Local Rule 7.1.2(c), we write on behalf of Plaintiffs Bayer AG, Bayer HealthCare AG, and Bayer Pharmaceuticals Corporation (collectively "Bayer") to bring to the Court's attention a recent Federal Circuit case which was decided after post-trial briefing was completed in the above-referenced matter. In its opening and responsive post-trial briefs, Bayer cited *Eli Lilly & Co. v. Zenith Goldline Pharms., Inc.*, 364 F. Supp. 2d 820 (S.D. Ind. 2005). On December 26, 2006, the Federal Circuit affirmed the district court's ruling in that case. *Eli Lilly & Co. v Zenith Goldline Pharms, Inc.*, -- F.3d --, 2006 WL 3792689 (Dec. 26, 2006). A copy of the Federal Circuit's opinion is attached as Exhibit A.

      Of particular relevance to this case is the Federal Circuit's discussion in affirming the district court's ruling that the claims-in-suit were not obvious, located at pages *4-8 of the Federal Circuit's opinion. Discussing with approval its prior decision in *Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc.* 231 F.3d 1339 (Fed. Cir. 2000), the Federal Circuit held that the defendants had not proven that the compound at issue was obvious because, *inter alia*, they had not proven that the compound which was the beginning compound of their obviousness theory would have been a "lead compound" for the person of ordinary skill in the art. *Eli Lilly*, 2006 WL 3792689 at *6 ("Likewise, in this case, the defendants have not shown that a person ordinarily skilled in this art would have selected Compound 222 as a lead compound . . . ."). The

The Hon. Sue L. Robinson
January 9, 2007
Page 2

Federal Circuit further held that the art in fact taught away from the defendants' theory, as the art taught that substituents other than that used in the defendants' beginning compound were preferred. *Id.* (compound defendants started with would not have been "a lead compound because it contained hydrogen rather than fluorine or chlorine. At the time of invention, the state of the art would have directed the person of ordinary skill in the art away from unfluorinated compounds like Compound 222."). The Court also reiterated that merely identifying teachings in the prior art of the use of particular substituents used in a compound is insufficient to render a compound obvious. *Id.* at *7 ("As taught by *Yamanouchi Pharm Co.* and other precedent, mere identification in the prior art of each component of a composition does not show that the combination as a whole lacks the necessary attributes for patentability.").

Finally, in affirming the district court's rejection of the defendants' inequitable conduct charges, the Federal Circuit reiterated that to prove inequitable conduct based on the omission of a reference, "the record must contain clear and convincing evidence that the applicant made a deliberate decision to withhold a known material reference. Beyond that, the applicant must have withheld the material subject matter with the intent to deceive." *Id.* at *9 (citations omitted).

We thank the Court for its consideration of these matters.

Respectfully submitted,

Jeffrey L. Moyer (#3309)

JLM/th
Encl.
cc:   Richard L. Horwitz, Esq. (by e-filing and hand delivery)
      David E. Moore, Esq. (by e-filing and hand delivery)