

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**David E. Moore**
Attorney at Law
dmoore@potteranderson.com
302  984-6147  Direct Phone
302  658-1192  Fax

January 12, 2007

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court
    for the District of Delaware
U.S. Courthouse
844 N. King Street
Wilmington, DE  19801

   Re: **Bayer AG, et al. v. Dr. Reddy's Laboratories, Ltd., et al.**
      **C. A. No. 04-0179-SLR**

Dear Chief Judge Robinson:

   This letter is the Reddy defendants' response to the Bayer Plaintiffs' Rule 7.1.2(c) letter of January 9, 2007 (the "Bayer Letter", D.I. 137).  The Bayer Letter discusses a recent decision of the Federal Circuit, *Eli Lilly & Co. v. Zenith Goldline Pharms., Inc.*, __F.3d __, 2006 WL 3792689 (Dec. 26, 2006).  According to Bayer, the *Lilly* decision is contrary to Reddy's invalidity and inequitable conduct defenses.  Bayer is mistaken.

   With regards to invalidity, Bayer cites *Lilly* for the proposition that only a "lead compound" can render obvious a subsequent compound.  Here, Bayer's own inventor admitted that at least some of the art relied on by Reddy meets that test.  In particular, the first named inventor of Bayer's two patents-in-suit admitted that but for the fact that prior art compound AT-3295 was owned by another company, "it could have been a lead compound".  Tr. 392:7-19 (Petersen).

   On the issue of inequitable conduct, Bayer points to *Lilly* for the well-settled proposition that there must be "clear and convincing evidence that the applicant made a deliberate decision to withhold a known material reference."  Again, that test is satisfied here because there is "smoking gun" documentary evidence that the inventors failed to disclose prior art which they knew to be material.  For example, Dr. Schenke wrote at page 5 of DTX 76 that the German counterpart to the application for the patents-in-suit was directed in part to the Bayer 5/5 Bicycle.  Clearly he knew then that the Bayer 5/5 Bicycle was important to his application.  Shortly thereafter, Dr. Schenke filed another German patent application (PTX 15) in which he states on the first page of his application that the Bayer 5/5 Bicycle had already been disclosed in the prior art.  Thus, it is clear that he knew that the Bayer 5/5 Bicycle was in the prior art and it is just as

The Honorable Sue L. Robinson
January 12, 2007
Page 2

clear that he knew it was material to his application for the patents-in-suit. Dr. Schenke's failure
to disclose this art in these circumstances is clear and convincing evidence of intent to deceive.
Dr. Schenke's only explanation is that he forgot that the Bayer 5/5 was important to his
application. The *Lilly* case provides no guidance to the Court in evaluating Dr. Schenke's
credibility on this point.

For at least these reasons, Reddy submits that the *Lilly* decision should be given little, if
any, weight in the Court's determination of this action.

Respectfully,

*/s/ David E. Moore*

David E. Moore


DEM:nmt/771999/27944
cc:    Clerk of the Court (via hand delivery)
        Counsel of Record (via efiling and electronic mail)