# RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

November 21, 2007

**VIA ECF**

The Honorable Sue L. Robinson
United States District Judge
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Re: Bayer AG, et al. v. Dr. Reddy's Laboratories, Ltd., et al., C.A. No. 04-0179-SLR (D. Del.)

Dear Judge Robinson:

We write on behalf on Plaintiffs Bayer AG, Bayer HealthCare AG, and Bayer Pharmaceuticals Corporation (collectively "Bayer") concerning the Final Judgment in the above-captioned action.

On October 25, 2007, the Court issued its opinion ruling in Bayer's favor and ordered that the parties jointly submit a proposed Final Judgment on or before November 23, 2007. D.I. 142-43. While the parties have reached agreement on nearly all aspects of the proposed Judgment, there is one issue that remains in dispute. The Reddy defendants have asserted that the Final Judgment should include a provision that the injunction be automatically lifted if certain events occur in the future, specifically, if "all of the Asserted Claims are adjudged to be invalid or unenforceable, by a United States Court of Appeals or in a Final Judgment of a United States District Court from which no appeal can be taken, or otherwise become unenforceable." Bayer does not believe such a provision is appropriate. We submit that there are far too many theoretical permutations as to what might occur in any future proceedings to properly account for them in the manner Reddy suggests. It is for that reason that the typical process is for a party to request that a court lift an injunction if it believes that future events warrant such action, rather than specifying in the injunction itself what events might warrant its dissolution. Moreover, Bayer is unaware of any precedent in which such language was included in a Final Judgment, and Reddy has not identified any such precedent despite Bayer's requests that it do so.

RLF1-3226786-1

The Honorable Sue L. Robinson
November 21, 2007
Page 2

       Because the parties have been unable to reach agreement on this issue, Bayer is submitting two forms of the proposed Final Judgment for the Court's consideration. Exhibit A contains Bayer's proposed version; Exhibit B contains Reddy's proposal. The difference between the two versions is that Exhibit B contains Reddy's proposed additional language in paragraphs 4 and 5. The two versions are otherwise identical.

       We are available to discuss this matter further should the Court so desire. We thank the Court for its consideration of this matter.

Respectfully,

Frederick L. Cottrell, III (#2555)

cc: Counsel of Record